## DODD v. DODD. (No. 2248.)

Court of Civil Appeals of Texas. El Paso.
March 14, 1929.

W. W. Bridgers, of El Paso, for appellant. Lea, McGrady, Thomason & Edwards, of El Paso, for appellee.

WALTHALL, J. This case presents an appeal in a suit for divorce brought by John C. Dodd against Bessie Dodd.

Without stating the verbiage of the petition in stating the grounds for the divorce, it is brought under the first subdivision of article 4629, R. C. S., and states specifically acts on the part of his wife, Bessie Dodd, as constituting excesses, cruel treatment, or outrages toward him of such nature as to render their further living together 'insupportable. The specific facts alleged are substantially to the effect that Bessie Dodd drinks to excess; becomes angry without cause and curses him; refuses to stay at home, but goes out at night several times a week, and stays away until daylight, and refuses to tell him with whom she has been or where; admits openly that she goes out with other men; on a time specified, in the presence of a mutual friend, she struck plaintiff, ran him out of the home, and threw rocks at him; at a time stated defendant became intoxicated in Juarez, and remained in "the red light district all night"; and other specific charges we need not state.

Mrs. Bessie Dodd answered by general demurrer, general denial, and special plea, denying that "defendant [evidently meaning plaintiff] is a bona fide inhabitant of the state of Texas," for a period of 12 months, and a resident of the county of El Paso for a period of 6 months, next preceding the filing of this suit. The case was tried without a jury, and judgment was entered granting the divorce. Bessie Dodd prosecutes this appeal.

### Opinion.

Appellant submits that the evidence does not show appellee, at the time of exhibiting his petition, to be an actual bona fide inhabitant of the state of Texas within the meaning of the divorce laws of this state for a period of 12 months, and to have resided in the county of El Paso where the suit is filed for 6 months, next preceding its filing; that the latter portion of article 4631, reading, "A citizen of this state who is or has been absent from this state for more than six months in the military or naval service of the United States or of this state, shall be entitled to sue for divorce in this state and in the county in which such person had his or her residence before entering such service," is invalid and of no force or effect, because vague, uncertain, ambiguous, and meaningless, and discriminatory in not requiring the residence in the state and county for the period of time required of those not in the military or naval service; that the evidence shows that appellee was not a resident of this county at the time of filing this suit, and had not resided in this county for the time required by the statute; that the evidence does not show that appellant was guilty of the wrongs complained of; that the evidence shows that by continuing to live with appellant after the wrongs complained of appellee condoned the wrongs; that the evidence shows that both appellant

and appellee drank intoxicating liquors together, visited saloons in Juarez together, and for that reason appellee will not be heard to complain.

The following facts are not controverted: John C. Dodd enlisted in the United States army in the state of Oklahoma in 1923. He testified: "I came from Oklahoma," and was sent to Ft. Bliss, in El Paso county, Texas, in that year, and has remained in El Paso county, Texas, until the trial of this case in September, 1928. While in the army he was in the veterinary service. He was married to Bessie Dodd on October 13, 1925. On July 16, 1926, he received an honorable discharge from the army service. In September, 1926, he re-enlisted in the army service, giving his place of residence as West Overland street, El Paso, Tex., and at the time of the trial of this case he was still in the army and at Ft. Bliss. During the time he and his wife, Bessie Dodd, lived together, they maintained a residence in the city of El Paso. While in the army he was permitted to leave the military reservation every night. At such times he lived with his wife at their places of residence in the city of El Paso and away from the military post. Appellee while in this state acquired no property, personal or otherwise. Dodd and his wife separated on the 8th day of May, 1928. After the separation, Dodd remained at Ft. Bliss, in El Paso county, and Bessie Dodd continued to remain in the city of El Paso.

Dodd testified: "When I was discharged from the army, my intention was to make my home in El Paso, and I remained in El Paso after I was discharged for several months, when I re-enlisted, and during that time I lived here in El Paso and it was my intention to make my home here. I re-enlisted in the same branch of the service at Ft. Bliss. I re-enlisted as from El Paso county, Texas, and I have lived here all the time since and this has been my home."

Appellant submits that the evidence does not show appellee to be an actual bona fide inhabitant of the state, and resident of El Paso county. As stated above, Dodd had actually been continuously in the state and county for more than four years next before filing his suit for divorce. The inquiry then is: Does the evidence show him to be a bona fide inhabitant and a resident of the state and county, the point stressed in the inquiry being the bona fides of his intention to permanently and definitely remain and make the state of Texas and the county of El Paso his home: the affirmative to that inquiry being essential to give the court jurisdiction, and to his right to file the suit for divorce.

The words "inhabitant," "resident," and "citizen," as used in our statute pertaining to divorce, have substantially the same meaning. There is no suggestion in the pleading or evidence that Dodd was foreign-born; so we assume that he was a citizen of the United States. To be an inhabitant, there must be a domicile or home acquired, and it must have the stamp of permanency upon it. The actual bodily presence of Dodd in the state, without at the same time the fixed intention and purpose voluntarily to continue his presence in the state as his permanent home, would not constitute him an inhabitant, resident, or citizen of the state, within the purpose, intent, and meaning of our divorce laws. Ordinarily it would be a fair presumption of fact and law that where a person actually lives is his domicile, such presumption being rebuttable. The difficult question here is that Dodd, having first enlisted in the army in another state in active military service, and his coming into this state and to this county not being voluntary on his part, but under military orders, does his domicile still adhere to that other state, or is the evidence sufficient to rebut such presumption and show his domicile here? The rule seems to be well established that, where one has a domicile of origin, in order to show a change, clear and convincing proof of change of domicile must be made. We think the same rights must be extended to soldiers in the military and naval service as are extended to the civilian.

The case of Gallagher v. Gallagher (Tex. Civ. App.) 214 S. W. 516, is somewhat similar in its facts to the case at bar. There appellee was a captain in the United States Military Service, and went with his wife to San Antonio, Tex., where he remained in the service for more than a year. He testified, as stated in the opinion, that he had for more than a year intended to make San Antonio his permanent home as soon as he could retire, which would have been some months after he filed his petition for divorce. Under the facts of that case, the case was reversed and remanded by the San Antonio court, the court holding that the record showed only declarations of intention as to domicile, unaccompanied by any act tending in the least to corroborate the declared intention.

The case here, we think, is a stronger case on the question of domicile than the Gallagher Case. There the fact of domicile, as expressed by his intention, was to take place in the future, when he had retired from the military service. His suit was filed before he retired from the service. While the opinion does not so state, from expressions in the opinion, we understand the case was heard while Gallagher was still in the service, and before his expressed intention as to domicile could have materialized. As stated in the opinion, Gallagher never registered as being from San Antonio.

Here Dodd's enlistment ended in El Paso county. He testified: "When I was discharged from the army, my intention was to make my home in El Paso, and I remained in El Paso after I was discharged, for several months, when I re-enlisted, and during that time I lived here in El Paso, and it was my

intention to make my home here. I re-enlisted as from El Paso county, Texas, and I have lived here all the time since, and this has been my home." The above statement is uncontradicted. We think the alleged facts of Dodd's being an actual bona fide inhabitant of this state, and his residence in El Paso county, is sufficiently shown. The court made no findings of fact, but states in the judgment that in his opinion the "material allegations in plaintiff's petition are true."

Appellant discusses the latter portion of article 4631, providing that "a citizen of this state who is or has been absent from this state for more than six months in the military or naval service of the United States or of this state, shall be entitled to sue for divorce in this state and in the county in which such person had his or her residence before entering such service." That portion of the article provides for venue of a suit for divorce under the facts there stated, thus by the provision of the statute relieving him of his actual and continuous presence in the state and county for the time required, next preceding the filing of his suit, but the facts are not presented in this case that call for its application. The facts do not show that Dodd has been absent from the state. We need not discuss the point submitted.

We have very carefully reviewed the evidence on the grounds stated for the divorce. We think the evidence sufficient to support the judgment granting the divorce. It could serve no useful purpose to recall the evidence. We have considered each of the points presented, and not discussed, and they are overruled.

The case is affirmed.