Gary WALKER *v.* Jenoddin "J.K." KAZI

93-1084                                                          875 S.W.2d 47

Supreme Court of Arkansas
Opinion delivered April 18, 1994

*David Hodges*, for appellant.

*B. Richard Allen*, for appellee.

ROBERT H. DUDLEY, Justice. Because of traffic, plaintiff Jenoddin Kazi stopped his pickup truck on State Highway 14. His truck was hit from behind by a second car. A third vehicle, another pickup truck, struck the second car from behind and pushed it into plaintiff's pickup truck. Plaintiff alleges he suffered injury in the accident. The police report shows that the third vehicle was driven by Gary Walker, Route 2, Weiner, Arkansas 72479. Plaintiff filed suit and caused summons to be served on Gary Walker, Route 2, Weiner, Arkansas 72479. Gary L. Walker of Route 2, Weiner was served. Gary L. Walker filed an answer denying that he was the driver of the third vehicle, and averred that his son, Gary D. Walker, also of Route 2, Weiner, was the driver of the vehicle at the time of the accident.

Gary L. Walker then filed a motion for summary judgment. Plaintiff responded with a motion asking that he be allowed to amend his complaint to name Gary D. Walker as the defendant and that the amendment relate back to the filing of the complaint. The trial court granted Gary L. Walker's motion for summary judgment. At the same time, the trial court granted plaintiff's motion to amend his complaint to name Gary D. Walker as the defendant and allowed the amendment to relate back to the date of filing the complaint. The notice of appeal and appellant's brief are both in the name of "Gary Walker" only. We dismiss the appeal.

The trial court *granted* Gary L. Walker's motion for summary judgment. If Gary L. Walker is the appellant, we dismiss the appeal because he was the prevailing party, and a prevailing party cannot appeal. *Bynum* v. *Savage*, 312 Ark. 137, 847 S.W.2d 705 (1993). Further, Gary L. Walker has no standing to appeal for Gary D. Walker. *See Insurance from CNA* v. *Keene Corp.*, 310 Ark. 605, 839 S.W.2d 199 (1992).

If Gary D. Walker is the appellant, the order allowing the amendment to relate back to the date of filing is not a final order and is not an appealable order. Ark. R. App. P. 2. This is not an attempt to appeal under ARCP Rule 54(b). The issue of a final order is a jurisdictional issue which the appellate court has the duty to determine. *In Re Subpoena of Badami*, 309 Ark. 511, 831 S.W.2d 905 (1992). We raise the issue, and dismiss the appeal regardless of which Gary Walker is attempting to appeal.

Appeal dismissed.