Robert Lee PAYNE *v.* STATE of Arkansas

97-966                                                              968 S.W.2d 59

Supreme Court of Arkansas
Opinion delivered May 7, 1998

*Alvin Schay*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The sole issue in this appeal is whether appellant Robert Lee Payne should be saddled with storage fees for an automobile which was involved in the criminal charges brought against him for drug-related offenses. Payne contends that because one of the drug charges was *nolle prossed*, he should not be required to pay storage fees associated with the seized vehicle. We dismiss the appeal without prejudice due to the absence of a final, appealable order as required by Arkansas Rule of Appellate Procedure—Civil 2.

On January 16, 1997, Payne was charged by amended information with (1) possession of methamphetamine with intent to deliver, (2) possession of drug paraphernalia, and (3) illegal possession of firearms. The charges arose out of a January 11, 1997 stop-and-search of a 1977 Pontiac Firebird driven by Payne. According to the affidavit for the arrest warrant, Sergeant John Kelloms of the Caddo Valley Police Department stopped the 1977 Firebird because of expired license plates and obtained permission from Payne to search the vehicle. The search uncovered numerous items, including a brown vial containing an off-white substance believed to be methamphetamine, hemostats, rolling papers, pipes, syringes, and a revolver.

In April 1997, the prosecuting attorney moved to *nolle prosse* the charge for possession of methamphetamine with intent to

deliver and illegal possession of firearms, and the circuit court granted the two motions. On April 28, 1997, Payne entered into an agreement with the State to plead guilty to the remaining drug-paraphernalia charge in exchange for a recommendation that he be sentenced to two years in prison. On June 26, 1997, the circuit court entered an order accepting Payne's guilty plea and sentencing him to prison for two years.

The record reflects that on January 11, 1997, a 1977 Pontiac Firebird was seized by Sergeant Kelloms and transported to Kisling Automotive for storage. On April 14, 1997, Payne moved, pursuant to Ark. R. Crim. P. 15.2, for return of all property seized by the State that was not needed for evidentiary purposes. This property included the Firebird and its contents. Later, the State responded to a letter by Payne's counsel and indicated that there was some question about who owned the Firebird.

At a subsequent hearing, the prosecuting attorney explained that the State did not want to release the Firebird to Payne when title to the vehicle was in a "Larry Hopkins," who purportedly had endorsed the title over to a third party without a notarization. According to Payne, Hopkins had sold the vehicle to David Smith and Randy Givie of Givie's Auto Salvage in Morrilton. Payne explained that he purchased the automobile from David Smith and that he used the vehicle while employed by Greg Warren of Warren Auto Sales in Hattiesville. Payne stated that he had not registered the car in his name for more than a year because Greg Warren allowed him to continue to use his dealership's tags and insurance. Payne further explained that the 1977 Firebird was his vehicle, and he added that he first attempted to regain possession of it two days after his arrest.

During the hearing, Payne moved not only for a release of the vehicle and its contents but also that he not be held responsible for the accrued storage costs. He argued that because the State caused the vehicle to be stored at Kisling Automotive, the State should be responsible for the storage costs. In response, the State pointed to Payne's arrest on charges for possession of methamphetamine with intent to deliver and his conviction for possession

of drug paraphernalia, both of which were associated with the vehicle.

The circuit court ruled from the bench and ordered that the drug task force's hold on the vehicle and its contents be removed and that physical possession of the title and registration be given to Payne's counsel, with the understanding that counsel attempt to register the car in Payne's name.

On June 19, 1997, the circuit court entered an order returning the items of personal property contained in the Firebird to Payne. The remainder of the order stated:

> 2. At the June 3, 1997 hearing, the Court terminated any hold or claim by the Drug Task Force against the automobile in which the Defendant was an occupant at the time of his arrest. The Court was requested to rule that the defendant was the owner of the vehicle in question. However, this matter was not properly before the Court in the above styled criminal case. *The ownership of the vehicle and the issuance of title to the vehicle is a civil matter which must be properly brought before a Court of competent jurisdiction in a separate proceeding.*
>
> 3. The Court denies the defendant's oral Motion and Request for cancellation of the storage charges for the vehicle in question. The defendant was properly charged and ultimately plead[ed] guilty to "Possession of Drug Paraphernalia" which was necessarily located in the vehicle in question where the defendant was arrested. The Drug Task Force properly seized the vehicle and the storage fee necessarily accrued on the vehicle. *Therefore, in the event that the defendant perfects his claim to ownership of the vehicle, he will be required to pay any outstanding storage fees owed to Kisling Motor for the time that the vehicle has been stored.*[1]

(Emphasis added.) Payne appeals from this order.

■ Payne's argument on appeal is that the trial court erred in assigning the storage costs to him because the crime for which he was convicted, possession of drug paraphernalia, did not support seizure of the automobile and the "original" drug charge against him had been *nolle prossed.* Though Payne's standing to raise this issue may well be an issue in itself at any trial on the

---

[1] In the record, Kisling Motor and Kisling Automotive are used interchangeably.

merits due to his apparent lack of ownership of the Firebird, we decline to reach this issue because we hold that the order appealed from is not a final, appealable order. This court has explained:

> The requirement that an order be final to be appealable is a jurisdictional requirement. *Wilburn v. Keenan Cos., Inc.*, 297 Ark. 74, 759 S.W.2d 554 (1988). The purpose of the finality requirement is to avoid piecemeal litigation. *Lamb v. JFM, Inc.*, 311 Ark. 89, 842 S.W.2d 10 (1992). An order is final and appealable if it dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy. *Department of Human Services v. Lopez*, 304 Ark. 154, 787 S.W.2d 686 (1990). The order must put the judge's directive into execution, ending the litigation, or a separable branch of it. *Festinger v. Kantor*, 264 Ark. 275, 571 S.W.2d 82 (1978).

*K.W. v. State*, 327 Ark. 205, 207, 937 S.W.2d 658, 659-60 (1997). *See also Tucker v. Lake View Sch. Dist. No. 25*, 323 Ark. 693, 917 S.W.2d 530 (1996); *Walker v. Kazi*, 316 Ark. 616, 875 S.W.2d 47 (1994).

■ In addition, this court has held on numerous occasions that an order that contemplates further action by a party or the court is not a final, appealable order. *See, e.g., K.W. v. State, supra* (order imposing conditions on a juvenile pending release prior to a plea date not final); *Kelly v. Kelly*, 310 Ark. 244, 835 S.W.2d 869 (1992)(order requiring appellant to execute a quitclaim deed to appellee or appear on a later date to show cause why a commissioner's deed should not issue not final); *Ragar v. Hooper-Bond Ltd. Partnership Fund III*, 293 Ark. 182, 735 S.W.2d 706 (1987)(an order stating that a money judgment is subject to further claims for expenses is not final).

■ This is particularly true when the trial court has reserved judgment on damages or failed to reduce a damage award to a liquidated sum. *See, e.g., Office of Child Support Enforcement v. Oliver*, 324 Ark. 447, 921 S.W.2d 602 (1996)(failure to resolve the amount of an arrearage); *John Cheeseman Trucking, Inc. v. Dougan*, 305 Ark. 49, 805 S.W.2d 69 (1991)(bifurcating issues of liability and damages); *Thomas v. McElroy*, 243 Ark. 465, 420 S.W.2d 530 (1967)(failure to resolve an award of damages).

In the instant case, the circuit court's order on its face contemplates further legal action to perfect title in the Firebird. The circuit court's order also does not reflect (1) the daily rate of storage at Kisling Automotive, (2) the number of days the 1977 Firebird was stored, and (3) a final, liquidated sum of costs to be charged to Payne. Clearly, a blanket determination that Payne must pay the storage costs would only invite a subsequent appeal regarding the amount of fees assessed. The proscription against piecemeal appeals renders this appeal deficient under Ark. R. App. P.—Civ. 2. Accordingly, this court is without jurisdiction.

Appeal dismissed without prejudice.