William WYNNE *v.* STATE of Arkansas

CR 01-390                                        49 S.W.3d 100

Supreme Court of Arkansas
Opinion delivered July 9, 2001

*Lessmeister Law Firm, PLLC,* by: *James J. Lessmeister,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Vada Berger,* Ass't Att'y Gen., for appellee.

R AY THORNTON, Justice. On March 18, 2000, appellant, William Wynne, was charged in municipal court with a third-offense driving while intoxicated ("DWI"), an unclassified misdemeanor, in violation of Ark. Code Ann. § 5-65-103 (Repl. 1997), the Omnibus DWI Act. On April 22, 2000, appellant was charged with another third-offense DWI, driving with a suspended license, and reckless driving. Both DWI charges were set for trial in municipal court on July 20, 2000. On that date, appellant was found guilty of the March 18th third-offense DWI. At the conclusion of the trial, the city attorney moved for a continuance of the April 22nd charges, and the trial court continued the case.

Subsequently, on July 26, 2000, the State dismissed the charges in municipal court relating to the April 22nd offenses, and filed felony charges for the fourth-offense DWI in Faulkner County Circuit Court. On January 3, 2001, appellant moved to remand the circuit-court case to municipal court and require that the April 22, 2000, felony charge be prosecuted as a misdemeanor third-offense DWI. At a hearing on the matter, the following colloquy occurred:

> THE COURT: Was there any motion to continue either case before you tried the first one?
>
> MR. LESSMEISTER [COUNSEL FOR APPELLANT]: No, your honor.
>
> THE COURT: So was it nolle prossed and then refiled, or was it just continued and amended?
>
> MR. CLARK [COUNSEL FOR THE STATE]: Well, your honor, it was — clearly was not continued and amended because if it was amended in municipal court, your honor —
>
> THE COURT: It'd still be in municipal court.
>
> MR. CLARK: — it would still be in municipal court. The charges were dismissed in municipal court, and they were filed in circuit court as felony charges. Your honor, once that felony information is filed, he is apprised of the nature of the charges before

him. He knows the elements we're talking about. There is no surprise. There is no prejudice, your honor. There's — There is no basis to have this reduced to a misdemeanor offense, your honor.

THE COURT: . . . [O]nce there are three prior convictions, then the fourth — then subsequent offenses become felonies. So when the — the previous case resulted in a conviction, at that point, municipal court would basically have lost jurisdiction as to the next one because it would have been by counting a fourth offense. Counsel, I — I can't agree with you on your motion as far as dismissing this charge and remanding it. . . . So I'm going to deny your motion. This case will proceed to trial as a DWI 4th offense.

The trial court then denied appellant's motion to remand the case to municipal court.

On April 2, 2001, appellant filed a notice of interlocutory appeal, as follows:

Notice is hereby given that the defendant William Wynne appeals to the Arkansas Supreme Court from the order in favor of the State of Arkansas against William Wynne entered in this case on March 19, 2001 and filed on April 2, 2001.

This interlocutory appeal is taken to the Supreme Court pursuant to Ark. Sup. Ct. R. 1-2(a)(3) "Writ of Prohibition."

Appellant brings this appeal from the circuit court's denial of appellant's motion to remand the case to municipal court. We dismiss the appeal.

For his sole point on appeal, appellant argues that he was deprived of his Fifth Amendment right of due process when the prosecutor moved for a continuance. Specifically, he argues that the State's continuance and subsequent refiling of the fourth-offense DWI in circuit court changed the nature and the degree of the offense. In response, the State argues that we lack jurisdiction over appellant's appeal because it is an interlocutory appeal, and that we must dismiss for lack of jurisdiction.

■ We first consider whether appellant seeks to bring an interlocutory appeal. Only final orders are appealable. Ark. R. App. P.—Civil 2(a)(1).[1] An order is final if it dismisses the parties from the action or concludes their rights in the matter in controversy. *Payne v. State*, 333 Ark. 154, 968 S.W.2d 59 (1998). In *Payne*, we stated:

> The requirement that an order be final to be appealable is a jurisdictional requirement. The purpose of the finality requirement is to avoid piecemeal litigation. An order is final and appealable if it dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy. The order must put the judge's directive into execution, ending the litigation, or a separable branch of it.

*Id.* (citations omitted). We have held on numerous occasions that an order that contemplates further action by a party or the court is not a final, appealable order. *Id.*

■ In the present case, the circuit court's order denying appellant's motion to remand to municipal court is not a final, appealable order because, when the circuit court's order contemplates further action in the case, the order is not final. *Payne, supra.* Here, the circuit court's order contemplates further action by the parties, namely appellant's DWI trial, and jurisdiction remained in the circuit court.

■ We also observe that a writ of prohibition is not an appropriate remedy under these circumstances. A writ of prohibition is an extraordinary writ that is only appropriate when the court is wholly without jurisdiction. *Ibsen v. Plegge*, 341 Ark. 225, 15 S.W.2d 686 (2000). The writ will not be granted unless it is clearly warranted. *Id.* Prohibition is never issued to prohibit a trial court from erroneously exercising its jurisdiction. *Id.* A writ of prohibition cannot be invoked to correct an order already entered. *Arkansas Public Defender Comm. v. Burnett*, 340 Ark. 233, 12 S.W.3d 191 (2000). A writ of prohibition is not directed to the jurisdiction of the individual judge but to the court itself. *Lee v. McNeil*, 308 Ark. 114, 823 S.W.2d 837 (1992).

---

[1] Ark. R. App. P.—Civil 2 governs criminal cases pursuant to Ark. R. App. P.—Crim. 4(a).

■ The Arkansas Constitution provides that the circuit courts of this state have jurisdiction over felony charges. Ark. Const. art. 7, § 11; *State v. Pulaski County Circuit Court*, 326 Ark. 886, 934 S.W.2d 915 (1996). Here, appellant is not entitled to the issuance of a writ of prohibition because the Faulkner County Circuit Court clearly has jurisdiction over felony DWI cases. *Pulaski County, supra.* Accordingly, we hold that a writ of prohibition is not appropriate in this matter because the Faulkner County Circuit Court does not wholly lack subject-matter jurisdiction.

■ ■ The State argues that, under *Burnett, supra*, we have discretion to treat both improper appeals and improper prohibition requests as a writ of *certiorari*, and that a writ of *certiorari* would not lie in the circumstances of this case. The State is correct. A writ of *certiorari* will lie only where it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, and there is no other adequate remedy. *Burnett, supra.* A writ of *certiorari* is only appropriate when the lower court does not have jurisdiction to hear a claim or to issue a particular type of remedy. *Id.* Appellant is not entitled to a writ of *certiorari* for the same reasons that he is not entitled to a writ of prohibition, and the interlocutory appeal from the denial of appellant's motion to remand is dismissed.

Dismissed.