Jimmie Lou FISHER, Treasurer, State of Arkansas; and
Richard Weiss, Director, Arkansas Department of
Finance and Administration *v.* Mary R. CHAVERS

02-665                                          92 S.W.3d 30

Supreme Court of Arkansas
Opinion delivered December 12, 2002

*Mark Pryor*, Att'y Gen., by: *Lori Freno*, Ass't Att'y Gen., for
appellant.

*Beth B. Carson*, for appellant Barclay.

*The Rose Law Firm, A Professional Association,* by: *Garland J. Garrett, Kathryn Bennett Perkins* and *Craig S. Lair,* for appellee.

JIM HANNAH, Justice. This case concerns whether a Plan of Distribution entered by the Pulaski Circuit Court, Fourteenth Division, is a final order for the purposes of appellate jurisdiction. We hold that the Plan of Distribution is not a final, appealable order as required by Ark. R. App. P.—Civ. 2(a) (2002) and Ark. R. Civ. P. 54(b) (2002). We have jurisdiction of this matter pursuant to Ark. S. Ct. R. 1-2(a)(7) (2002).

## Facts

On December 4, 2001, the circuit court entered a Plan of Distribution ("Plan"), which ordered Appellants Dick Barclay, Director of the Department of Finance and Administration ("DF&A"), and Jimmie Lou Fisher, Treasurer of the State of Arkansas, to pay back illegally exacted funds to certain taxpayers.[1] Some time in December 2001, DF&A delivered copies of a motion to reconsider to the circuit court and to Appellee Mary Chavers. The motion was not filed with the circuit court.[2] Chavers filed a response to DF&A's motion to reconsider on December 14, 2001. The circuit court entered an order denying DF&A's motion to reconsider on December 31, 2001.

Fisher filed a notice of appeal on January 28, 2002. Barclay filed a notice of appeal on January 29, 2002. The record was lodged on June 24, 2002. Subsequent to the record being lodged, the parties submitted several motions to this court. Since we find

---

[1] Appellants Dick Barclay, former director of DF&A, and Jimmie Lou Fisher, Treasurer of the State of Arkansas, are joined in their official capacities, pursuant to an amended complaint filed on August 5, 1999, and are collectively referred to as "DF&A." Motions submitted to this court identified Barclay and Fisher as separate appellants. We will refer to the parties separately only when necessary.

We note that Richard Weiss became Director of DF&A on May 1, 2002. Pursuant to Rule 25(d) of the Arkansas Rules of Civil Procedure, when a public officer is a party to an action in his official capacity and during its pendency resigns, the action does not abate and his successor is automatically substituted as a party. Ark. R. Civ. P. 25(d) (2002). Proceedings following the substitution shall be in the name of the substituted party. *Id.*

[2] Subsequent to the record being lodged, Barclay filed this motion with the Pulaski County Circuit Court Clerk on July 10, 2002.

that the Plan entered on December 4, 2001, was not a final, appealable order, it is unnecessary for us to address the arguments contained in the parties' motions.

## Final Order Requirement

■ ■    The Plan was not a final order of the circuit court; therefore, the appeal must be dismissed. In *Payne v. State*, 333 Ark. 154, 968 S.W.2d 59 (1998), we stated:

> The requirement that an order be final to be appealable is a jurisdictional requirement. *Wilburn v. Keenan Cos., Inc.*, 297 Ark. 74, 759 S.W.2d 554 (1988).  The purpose of the finality requirement is to avoid piecemeal litigation. *Lamb v. JFM, Inc.*, 311 Ark. 89, 842 S.W.2d 10 (1992).  An order is final and appealable if it dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy. *Department of Human Services v. Lopez*, 302 Ark. 154, 787 S.W.2d 686 (1990).

*Payne, supra*, 333 Ark. at 158 (citing *K.W. v. State*, 327 Ark. 205, 937 S.W.2d 658 (1997)).  We have also held that an order that contemplates further action by a party or the court is not a final, appealable order.  *Payne, supra; K.W., supra; Kelly v. Kelly*, 310 Ark. 244, 835 S.W.2d 869 (1992).

In making our determination that the Plan is not a final order, we looked to the language of the Plan.  Throughout the Plan, reference is made to the "Final Order."  For example, the Plan states that computations will be made "within thirty (30) days after entry of a Final Order."  In addition, the Plan states that interest will accrue "from July 28, 1999, to the date of entry of a Final Order. . . ."  The Plan further states that DF&A is to issue refund checks "within forty (40) days after entry of a Final Order."  Also, the Plan orders that attorney's fees "will be paid within thirty (30) days of the entry of a Final Order."  The circuit court does not state that the Plan is a final order.  Rather, in the first sentence of the Plan, the circuit court states: "Pursuant to the Court's Order dated September 14, 2001 (the 'Order'), this Plan of Distribution ('Plan') is submitted, approved by the Court, and forms a part of the Order entered by the Court."  If the circuit court had intended for the Plan to be the "Final Order," it would

not have referred to the Plan and the final order using separate terms.

The Plan states that "[a]fter all sums have been disbursed, DF& A will file a final report with the Court," and that "[u]pon approval of the final report, DF&A and the Administrator [Chavers's counsel] will be discharged." Clearly, the Plan does not discharge the parties from the action. The Plan plainly states that the circuit court intends to have jurisdiction of the matter until it approves the final report.

In addition, the Plan states that the circuit court "will retain jurisdiction over all issues regarding implementation of the Plan. All distributions are supervised and controlled by [the circuit court]." The Plan states that "[i]n the event the Administrator believes that the Plan is not being implemented, or in the event issues arise that are not covered by the Plan, the Administrator may petition the Court for appropriate relief." Both statements indicate that the circuit court does not consider the Plan to be a final order.

In a case where a circuit court retains jurisdiction of a matter, it may certify a judgment for appeal pursuant to Rule 54(b) of the Arkansas Rules of Civil Procedure. Rule 54(b) provides, in part, that "[w]hen more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties. . . ." Ark. R. Civ. P. 54(b) (2002). If the trial court enters a final judgment as to one or more but fewer than all of the claims or parties, it must certify the judgment for appeal. *Id.* In the present case, the circuit court did not certify the Plan for appeal.

The plain language of the Plan indicates that the Plan is not a final, appealable order. As previously stated, since we have determined that the Plan is not ripe for appeal, it is unnecessary for us to address the arguments contained in the motions submitted by Chavers, Barclay, and Fisher. Our holding renders all motions moot.

Appeal dismissed.