

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-16-44

| | |
|---|---|
| PAMELA MILLER DOE<br><br>APPELLANT<br><br>V.<br><br>NATIONAL HEALTHCARE OF<br>NEWPORT, INC., ET AL.<br>APPELLEES | Opinion Delivered: October 26, 2016<br><br>APPEAL FROM THE JACKSON<br>COUNTY CIRCUIT COURT<br>[NO. 34CV-2013-141]<br><br>HONORABLE HAROLD S. ERWIN,<br>JUDGE<br><br>APPEAL DISMISSED |

## RAYMOND R. ABRAMSON, Judge

Appellant Pamela Miller Doe appeals after the Jackson County Circuit Court granted summary judgment in favor of appellees. On October 26, 2015, Doe filed a notice of appeal of the circuit court's November 19, 2014 and August 19, 2015 orders. Because we lack a final, appealable order, we must dismiss her appeal.

On August 15, 2011, Pamela Doe gave birth to Robert Doe; the same day she also tested positive for opiates and benzodiazepines. Robert Doe's urine tested positive for amphetamines, opiates, and benzodiazepines. Upon learning that Pamela Doe's chart in the labor and delivery department contained no prescription drug entries that would explain the positive tests, nurse Leann Heisler, an employee of appellee National Healthcare of Newport Inc. d/b/a Harris Hospital ("Harris Hospital"), and a mandated reporter of child maltreatment under Arkansas law, contacted the child-abuse hotline to report the positive

tests and ultimately spoke to appellee Amber Campbell of the Arkansas Department of Human Services ("DHS"). A later meconium test result for Robert Doe was negative for amphetamines and benzodiazepines, and inconclusive as to opiates.[1] DHS then terminated its investigation.

Appellant filed a defamation suit against Harris Hospital and Dr. Chris Nwokeji[2] on October 22, 2013. Harris Hospital and Dr. Nwokeji ("the Hospital Appellees") moved for summary judgment, arguing that the report to the child-abuse hotline was required by law, and because it was made in good faith, they were immune from suit. The circuit court held a hearing on the motion and ultimately granted the motion for summary judgment on November 19, 2014.

Appellant also brought the same defamation suit against separate appellees Susan Simmons and Amber Campbell, DHS social workers, in their individual capacities. Simmons and Campbell filed motions to dismiss pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure for failure to state a claim as required by Arkansas Rule of Civil Procedure 8(a) and pursuant to Arkansas Code Annotated section 19–10–305 (Supp. 2015), arguing that they were entitled to statutory immunity.

On August 5, 2015, the circuit court held a hearing on Simmons's and Campbell's motions to dismiss. Because Simmons and Campbell are both DHS employees, they were

---

[1]The sample volume received was not sufficient to test for opiates.

[2]Dr. Chris Nwokeji was the pediatrician employed by Harris Hospital for Robert Doe's postnatal care.

represented by the same attorney, Nader Afsordeh, with the office of chief counsel at DHS.

On August 19, 2015, the circuit court entered an order that read,

> Now on this 5th day of August, 2015 comes on before the court the oral motion for summary judgment presented by the defendants and from examination of the pleadings and other things and matters before the court, the court finds that:

> 1. The motion for summary judgment is granted. No findings of fact is [sic] given by the court.

> 2.  Mr. Afsordeh is to prepare the order.

> WHEREFORE the motion for summary judgment is granted.

Doe filed a motion for reconsideration pursuant to Rule 52(b)(1) of the Arkansas Rules of Civil Procedure on August 28, 2015. The court neither granted nor denied the motion within thirty days; therefore, it was deemed denied. This appeal followed.

Before addressing the merits of Doe's claims on appeal, this court must first analyze whether the present appeal is from a final order. While no party has raised the issue, whether an order is final and subject to appeal is a jurisdictional question that the court will raise on its own. *Moses v. Hanna's Candle Co.*, 353 Ark. 101, 110 S.W.3d 725 (2003).

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken only from a final judgment or decree entered by a circuit court. An order is final and appealable if it dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy. *Liberty Life Ins. Co. v. McQueen*, 364 Ark. 367, 219 Ark. 172 (2005). In addition, our appellate courts have held on numerous occasions that an order that contemplates further action by a party or the court is not a final, appealable order. *See Oldenberg v. Ark. State Med. Bd.*, 2013 Ark. App.

SLIP OPINION

599; *Fisher v. Chavers*, 351 Ark. 318, 92 S.W.3d 30 (2002); *Payne v. State*, 333 Ark. 154, 968 S.W.2d 59 (1998); *Kelly v. Kelly*, 310 Ark. 244, 835 S.W.2d 869 (1992).

We cannot reach the merits of this case because no final, appealable order has yet been entered. The August 19 order clearly states that the DHS attorney is to prepare an order, and no such order is found in the record or addendum. Because it contemplates further action by a party, we have no choice but to dismiss the appeal.

We also note that there are three additional named Doe defendants that possibly have not been served. If the appeal reaches us again, we will need clarification from the parties because the record fails to show whether Jane Doe, Judy Doe, and Mary Doe were ever served. If they were not served, once a final judgment or decree is entered by the circuit court any and all claims against them will be automatically dismissed pursuant to Arkansas Rule of Civil Procedure 54(b)(5).

Appeal dismissed.

GLADWIN, C.J., and WHITEAKER, J., agree.

*Shawn Garrick Childs*; and *John W. Walker P.A.*, by: *John W. Walker*, for appellant.

*Nader G. Afsordeh*, Office of Chief Counsel, for appellee.