Cite as 2021 Ark. 4

# SUPREME COURT OF ARKANSAS
No. CV-20-425

|  |  |
|---|---|
| | **Opinion Delivered:** January 21, 2020 |
| OZARK MOUNTAIN SOLID WASTE DISTRICT AND SEARCY COUNTY TAX COLLECTOR, JOEY PRUITT APPELLANTS | APPEAL FROM THE SEARCY COUNTY CIRCUIT COURT [NO. 65CV-18-43] |
| LESLIE RUTLEDGE, ARKANSAS ATTORNEY GENERAL | HONORABLE SUSAN K. WEAVER, JUDGE |
| INTERVENOR/APPELLANT | |
| | DISMISSED. |
| V. | |
| JMS ENTERPRISES, INC., ON BEHALF OF ITSELF AND ALL OTHER TAXPAYERS SIMILARLY SITUATED APPELLEE | |

**KAREN R. BAKER, Associate Justice**

This appeal stems from an illegal-exaction case challenging whether a court-ordered $18 annual service fee charged to customers by appellant, Ozark Mountain Solid Waste District ("Ozark Mountain"), to repay Ozark Mountain's creditors is permitted by our state statutes and constitution. Ozark Mountain is a regional solid-waste district created pursuant to Arkansas Code Annotated §§ 8-6-701 et seq. and is composed of the geographical areas encompassed by Baxter, Boone, Carroll, Marion, Newton, and Searcy Counties. Appellee, JMS Enterprises, Inc. ("JMS"), is a property owner in Searcy County. In June 2018, JMS

received a 2017 tax statement from the Searcy County Tax Collector that included the $18 service charge. Intervenor/Appellant, Leslie Rutledge, Attorney General of the State of Arkansas (Attorney General), intervened in this action to defend the constitutionality of section 45 of Act 274, which appropriates funds for the Arkansas Department of Environmental Quality ("ADEQ").

Relevant to this appeal is the history of litigation regarding Ozark Mountain. In 2005, Ozark Mountain purchased an existing landfill known as the "Nabors Landfill" and related equipment and assets. The purchase was funded with a $12.34 million bond issue. In 2012, Ozark Mountain defaulted on its payment, closed the Nabors Landfill, and also failed to comply with environmental laws and financial assurances. On February 12, 2013, ADEQ filed suit against Ozark Mountain and was granted summary judgment whereby ADEQ was authorized to take possession of certain accounts to address the environmental issues at Nabors Landfill.

On December 2, 2014, Bank of the Ozarks, as trustee for the bondholders, filed suit against Ozark Mountain in Pulaski County Circuit Court, Case No. 60CV-14-4479, and sought appointment of a receiver. On May 15, 2015, the Pulaski County Circuit Court appointed Geoffrey Treece as the Receiver (Receiver) for Ozark Mountain. On November 15, 2016, the Receiver filed the "Receiver's Report and Recommendations and Motion for Approval and Implementation of Recommendations" stating that based on a thirty-year period, ADEQ's closing and remediation efforts of Ozark Mountain exceeded $16 million. Further, the Receiver took the position that Ozark Mountain lacked the necessary financial resources to operate in the ordinary course of business, address its closure obligations, and

service the debt to the Trustee and ADEQ. Based on this and on Arkansas Code Annotated § 8-6-714, the Receiver recommended that Ozark Mountain be ordered to levy an annual service fee of $18 to property owners beginning in 2017 and continuing for the life of the repayment. The Receiver estimated that the $18 service fee would generate approximately $1,241,676 annually. The recommendation further stated that the first $1 million of service fees would be "earmarked for and paid to the Trustee and ADEQ to satisfy their debt[.]" The next $100,000 in service fees would go to Ozark Mountain for its needs, and service fees collected over and above $1.1 million, if any, would be earmarked for and paid to ADEQ in further satisfaction of its claim. On April 21, 2017, the Pulaski County Circuit Court approved the Receiver's report and ordered the Receiver to levy an annual service fee of $18 "to be assessed against each residence and business parcel located within the Ozark Mountain. The Service Fee shall commence in 2018 and continue until such time as the claims of the Trustee and ADEQ have been paid in full."

On June 5, 2018, JMS received a 2017 tax statement from the Searcy County Tax Collector that included the $18 service charge discussed above. On June 8, 2018, JMS filed suit against Ozark Mountain and the Searcy County Tax Collector. JMS alleged that the $18 service charge is an illegal exaction in violation of article 16, § 13 of the Arkansas Constitution. On June 29, 2019, JMS filed an amended complaint and alleged that section 45 of Act 274 is an unconstitutional violation of Article 5, § 30's requirement that "appropriations . . . be made by separate bills, each embracing but one subject." JMS also alleged that section 45 of Act 274 violated article 5, § 23, which prohibits a law from being amended by reference to its title only and instead requires that amendments be "published

3

at length." On August 16, 2019, JMS filed a motion for summary judgment and further asserted that section 45 is an unconstitutional "local or special act" in violation of amendment 14 to the Arkansas Constitution. On October 3, 2019, the Attorney General filed a motion to intervene to defend the constitutionality of various acts alleged to be unconstitutional, which the circuit court granted on October 17, 2019.

On December 18, 2019, the circuit court held a hearing. On March 9, 2020, the circuit court entered an order granting summary judgment in favor of JMS. On March 16, 2020, the circuit court entered an amended order granting JMS's motion for summary judgment and found section 45 unconstitutional. From that order, the Attorney General timely appealed and presents four issues on appeal: (1) the circuit court erred in granting summary judgment in favor of JMS on its claim that section 45 violates article 5, § 30 of the Arkansas Constitution; (2) the Attorney General does not take a position on JMS's claim that section 45 violates Ark. Code Ann. § 1-2-116(a); (3) the circuit court erred in granting summary judgment in favor of JMS on its claim that section 45 violates article 5, § 23 of the Arkansas Constitution; and (4) the circuit court erred in granting summary judgment in favor of JMS on its claim that section 45 violates amendment 14 to the Arkansas Constitution. Because the circuit court's order is not a final, appealable order, we dismiss the appeal without prejudice.

Although neither party raises the issue, the question of whether an order is final and subject to appeal is a jurisdictional question, which the court will raise sua sponte. *Moses v. Hanna's Candle Co.*, 353 Ark. 101, 103, 110 S.W.3d 725, 726 (2003). Whether an order is subject to an appeal is a jurisdictional issue that this court has the duty to raise, even if the

4

parties do not. *Kyle v. Gray, Ritter & Graham, P.C.*, 2012 Ark. 268, at 1. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure –Civil (2020) provides that an appeal may be taken from a final judgment or decree entered by the circuit court.

In *Robinson v. Villines*, 2012 Ark. 211, we were also presented with an illegal-exaction case and addressed the finality of the order at issue:

> For an order to be final and appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. [*Bayird v. Floyd*, 2009 Ark. 455, 344 W.W.3d 80]. Stated another way, for an order to be final and appealable, the order must put the judge's directive into execution, ending the litigation, or a separable branch of it. *City of Corning v. Cochran*, 350 Ark. 12, 84 S.W.3d 439 (2002). By contrast, an order that contemplates further action by a party or the court is not a final, appealable order. *Blackman v. Glidewell*, 2011 Ark. 23. "Even though the issue decided might be an important one, an appeal will be premature if the decision does not, from a practical standpoint, conclude the merits of the case." *Id.* at 3–4.
>
> We recently held in *Blackman* that a circuit court's order that continued to oversee the process of retaxing the funds in an illegal-exaction case was not a final, appealable order because it contemplated further action before the parties would be discharged, such as ascertaining the amount of the judgment, identifying the class members, and issuing refunds. In so holding, we relied on *Fisher v. Chavers*, 351 Ark. 318, 92 S.W.3d 30 (2002), a case in which we held that an order encompassing a circuit court's plan of distribution in an illegal-exaction case was not a final, appealable order because it contemplated further action, such as issuing refunds and related matters, and did not discharge the parties from the case.

*Robinson*, 2012 Ark. 211, at 1–3.

Further, in *Chavers*, we explained that "in a case where a circuit court retains jurisdiction of a matter, it may certify a judgment for appeal pursuant to Rule 54(b) of the Arkansas Rules of Civil Procedure. Rule 54(b) provides, in part, that '[w]hen more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties. . . .' Ark. R. Civ. P. 54(b) (2002). If the trial court enters a final judgment

as to one or more but fewer than all of the claims or parties, it must certify the judgment for appeal. *Id.*" 351 Ark. at 321, 92 S.W.3d at 32.

In this case, the circuit court's order stated in pertinent part:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that:

1. Plaintiffs' Motion for Summary Judgment is Granted for the foregoing reasons.

2. Defendant Ozark Mountain Solid Waste District's Cross Motion for Summary Judgment is denied.

3. Intervenor Leslie Rutledge, as Attorney General of Arkansas' Motion to Dismiss is denied.

4. Defendant Ozark Mountain Solid Waste District and Defendant Tax Collector are ordered to cease collection of the $18.00.

5. Defendant Ozark Mountain Solid Waste District is ordered to deliver all sums collected from the $18.00 charge upon Searcy County Residents to the Registry of the Circuit Clerk of Searcy County, Arkansas pending further orders of this Court.

6. Any payments of the $18.00 collected by the Tax Collector of Searcy County prior to or subsequent to this Order should be paid into the Registry of the Searcy County Circuit Clerk.

IT IS SO ORDERED.

Here, similar to the orders at issue in *Robinson*, *Blackman*, and *Chavers*, the order in the present illegal-exaction case is not a final, appealable order because it contemplates further action by the parties and the circuit court. The order expressly states that "Defendant Ozark Mountain Solid Waste District is ordered to deliver all sums collected from the $18.00 charge upon Searcy County Residents to the Registry of the Circuit Clerk of Searcy County, Arkansas pending further orders of this Court." Additionally, the record demonstrates that the Attorney General did not seek a Rule 54 certificate to certify the

issues presented for appeal. Accordingly, the order is not a final order, and the appeal is therefore dismissed.

Dismissed.

*Leslie Rutledge*, Att'y Gen., by: *Jerry D. Garner*, Ass't Att'y Gen., for intervenor/appellant.

*Bishop Law Firm*, by: *Matt Bishop*, for appellee.