K.W. *v.* STATE of Arkansas

96-201                                                        937 S.W.2d 658

Supreme Court of Arkansas
Opinion delivered February 10, 1997

Gerard F. Glynn, for appellant.

Winston Bryant, Att'y Gen., by: Sandy Moll, Asst. Att'y Gen., for appellee.

W.H. "Dub" Arnold, Chief Justice. K.W., a juvenile, was detained by an intake officer on October 24, 1995. The basis for the detention was an allegation that K.W. had committed the offense of Furnishing Prohibited Articles, Ark. Code Ann. § 5-54-119 (Repl. 1993). Within seventy-two hours of her detention, K.W. was given a detention hearing before a judge, pursuant to Ark. Code Ann. § 9-27-313(d)(2)(A)(ii) and Ark. Code Ann. § 9-7-326(a) (Supp. 1995).[1] At the close of the hearing, the judge released K.W. to her parents, but imposed certain restrictions and conditions on her release. K.W. brings her appeal from the order, that memorialized those restrictions and conditions. We hold that the order appealed from is not a final order and dismiss the appeal.

The facts are as follows. On the evening of October 24, 1995, K.W. was taken into custody by a Pulaski County Sheriff's deputy. According to the deputy's arrest report, K.W. delivered a pair of shoes to an inmate of the Pulaski County Regional Detention Facility. The soles of the shoes were found to contain "marijuana, numerous Schedule IV and Schedule II controlled substances in pill and tablet form along with tobacco and matches." K.W. was seen by an intake officer, and she was detained until her detention hearing on the morning of October 27, 1995. At the hearing, the judge decided to release K.W. to the custody of her parents. The court's order set a plea date of January 5, 1996, and imposed the following conditions on K.W.'s release: undergo drug and alcohol screening; reside with parents and obey reasonable commands; attend school and obey school rules; and abide by a curfew.

On appeal, K.W. argues that the intake officer's decision to detain her was improper, thereby tainting the court's decision to restrict her liberty pending adjudication. She cites Ark. Code

---

[1] K.W. makes no argument on appeal that her hearing was not timely.

Ann. § 9-27-322 (Repl. 1993), which provides that an intake officer must consider and weigh certain factors before deciding to detain a juvenile. It is K.W.'s contention that the intake officer did not weigh the statutory factors, thereby rendering her detention illegal and subjecting her to the imposition of release conditions at a detention hearing.

We do not reach the merits of K.W.'s argument because the order appealed from is not final. The requirement that an order be final to be appealable is a jurisdictional requirement. *Wilburn v. Keenan Cos., Inc.*, 297 Ark. 74, 759 S.W.2d 554 (1988). The purpose of the finality requirement is to avoid piecemeal litigation. *Lamb v. JFM, Inc.*, 311 Ark. 89, 842 S.W.2d 10 (1992). An order is final if it dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy. *Department of Human Services v. Lopez*, 302 Ark. 154, 787 S.W.2d 686 (1990). The order must put the judge's directive into execution, ending the litigation, or a separable branch of it. *Festinger v. Kantor*, 264 Ark. 275, 571 S.W.2d 82 (1978). The order appealed from in this case is an order releasing K.W. pending further hearings in the case. The hearings yet to be conducted did not involve collateral matters but rather the heart of the case. K.W. had yet to enter a plea or undergo a disposition hearing.

The order appealed from does not bear any of the indicia of finality. We must therefore dismiss the appeal.

Appeal dismissed.

GLAZE and IMBER, JJ., concur, stating that, while they agree a final order had not yet been filed from which K.W. could file an appeal, they are of the view that this court could still later reach the detention issue on the direct appeal of an adjudication order since the intake officer's authority to detain K.W. in these circumstances might otherwise evade review.