Zachary DANIEL *v.* STATE of Arkansas

CA 98-75                                        983 S.W.2d 146

Court of Appeals of Arkansas
Division III
Opinion delivered November 11, 1998

*Keith and Miller, P.A.*, by: *Andrew R. Miller*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

MARGARET MEADS, Judge. On August 18, 1997, Zachary Daniel, a juvenile, was adjudicated delinquent for the offenses of sexual abuse in the first degree and failure to appear, and an order to that effect was filed of record the following day. A disposition hearing was set for August 27, 1997. The behavior comprising the basis for the sexual-abuse charge occurred on June 24, 1996, when appellant was fourteen years old. The State has filed a motion to dismiss the appeal on the basis that the order from which appellant appeals is not a final appealable order. We agree; therefore, we dismiss the appeal.

The requirement that an order be final to be appealable is a jurisdictional requirement. *K.W. v. State*, 327 Ark. 205, 937 S.W.2d 658 (1997). The purpose of the finality requirement is to avoid piecemeal litigation. *Id.* An order is final if it dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy; the order must put the judge's directive into execution, ending the litigation, or a separable branch of it. *Id.*

Appellant filed his Notice of Appeal on September 18, 1997, appealing the August 19 adjudication order. However, the

August 19 order specifically stated that appellant was to return to court on August 27, 1997, for a disposition hearing. By agreement of the parties, the disposition hearing was continued to September 8, 1997, at which time appellant was committed to the Arkansas State Hospital/Sexual Offender Program. Appellant argues, without citation to any authority, that the September 8 hearing and disposition order were collateral matters and that the August 19 order constituted a final order. We disagree. When an order provides for a subsequent hearing, that provision prevents the order from being a final order. *See Kelly v. Kelly*, 310 Ark. 244, 835 S.W.2d 869 (1992). There was no final, appealable order in the present case until the entry of the September 8, 1997, disposition order.

In his response to the State's motion to dismiss, appellant attached a copy of the September 8 order, and we deemed the record to be supplemented with this order. However, as the State properly points out, this inclusion does not cure the jurisdictional defect. A notice of appeal must designate the judgment or order appealed from, Ark. R. App. P.—Civ. 3(e) (1998), and orders not mentioned in a notice of appeal are not properly before the appellate court. *Arkansas Dep't of Human Servs. v. Shipman*, 25 Ark. App. 247, 756 S.W.2d 930 (1988). Because the final appealable order was not designated in appellant's notice of appeal, and because the August 19, 1997 order that was designated in appellant's notice is not a final order, we cannot reach the merits of appellant's argument regarding the adjudication hearing.

Appeal dismissed.

ROBBINS, C.J., and STROUD, J., agree.