CAPITOL LIFE & ACCIDENT INSURANCE COMPANY *v.*
Lela K. PHELPS

CA 00-584                                     37 S.W.3d 692

Court of Appeals of Arkansas
Division I
Opinion delivered February 21, 2001

*Mitchell, Williams, Selig, Gates & Woodyard P.L.L.C.,* by: *Byron Freeland* and *Leigh Anne Yeargan,* for appellant.

*Walters, Hamby & Verkamp,* by: *Bill Walters,* for appellee.

OLLY NEAL, Judge. Appellant Capitol Life and Accident Insurance Company appeals the order of the Sebastian County Chancery Court finding that the application for credit life insurance issued by the appellant to the decedent, Lincoln Phelps, Jr., was ambiguous and subject to interpretation, and denying its

motion to rescind three insurance policies issued to Phelps prior to Phelps's death. On appeal, appellant contends that the trial court erred in ruling that the policy was ambiguous, and that the trial court erred in not rescinding the policies due to the insured's incorrect statement. We conclude that the order appealed from is not a final order, and we dismiss.

The February 8, 2000, order, from which the appellant appeals, recites the following language in the last paragraph:

> IT IS THEREFORE BY THE COURT CONSIDERED, ORDERED, ADJUDGED, AND DECREED that the Defendant's [Appellant's] motion for recission is denied and the Plaintiff [Appellee] is given judgment against the Defendant in the sum of $52,610.07; that all matters pertaining to pre-judgment interest, statutory penalties, post-judgment interest, court costs and attorney's fees shall be held in abeyance until this matter has been finalized on appeal or until the time for appeal has expired; and this Court retains jurisdiction of this matter and these parties as may be necessary in the premises.

██ ██ Whether an order is final and appealable is a matter going to the jurisdiction of the appellate court and is an issue that the appellate court has a duty to raise on its own motion. *Barnes v. Newton*, 69 Ark. App. 115, 10 S.W.3d 472 (2000). The rule that an order must be final to be appealable is a jurisdictional requirement, observed to avoid piecemeal litigation. *Beverly Enters.-Ark., Inc. v. Hillier*, 341 Ark. 1, 14 S.W.3d 487 (2000); Ark. R. App. P.—Civ. 2(a)(1). When the order appealed from is not final, the appellate court will not decide the merits of the appeal. *Roberts v. Roberts*, 70 Ark. App. 94, 14 S.W.3d 529 (2000). For an order to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Id.* An order must be of such a nature as to not only decide the rights of the parties, but also to put the court's directive into execution, ending the litigation or a separable part of it. *Reed v. Arkansas State Hwy. Comm'n*, 341 Ark. 470, 17 S.W.3d 488 (2000). When the order appealed from reflects that further proceedings are pending, which do not involve merely collateral matters, the order is not final. *Harold Ives Trucking Co. v. Pro Transp., Inc.*, 341 Ark. 735, 19 S.W.3d 600 (2000).

██ In the instant case, the trial court's order awarded appellee a judgment in the amount of $52,610.07, and denied appellant's motion for rescission of the insurance policies. However, the trial

court has held in abeyance all matters concerning the issues of prejudgment interest and statutory penalties. We conclude that the trial court's reservation of such issues constitutes piecemeal litigation that could warrant later determination by the trial court. The order in question does not dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. The trial court even acknowledged in its order that it retained jurisdiction of this matter and that it would hold in abeyance the matters of prejudgment interest and statutory penalties "until this matter has been finalized on appeal." Because the trial court has to address these issues, we dismiss the appeal.

Dismissed.

ROBBINS and GRIFFEN, JJ., agree.