ARKANSAS DEPARTMENT of HUMAN SERVICES *v.* J.N.

CA 06-286                                    241 S.W.3d 293

Court of Appeals of Arkansas
Opinion delivered October 11, 2006

[Rehearing denied November 15, 2006.]

*Arkansas Department of Human Services, Office of Chief Counsel,* by: *Gray Allen Turner,* for appellant.

*Buckley McLemore & Hudson, P.A.,* by: *Kent McLemore,* for appellee.

ANDREE LAYTON ROAF, Judge. This is an appeal from a circuit court's order to remove appellee J.N.'s name from the Arkansas Child Maltreatment Central Registry (central registry). Appellant Arkansas Department of Human Services (DHS) argues on appeal that the trial court erred when it ordered DHS to remove J.N.'s name from the central registry, and that the trial court erred when it remanded this case for an in-person administrative hearing. We affirm.

There were allegations of child maltreatment against J.N., a minor, and, after an investigation into the matter by DHS, it found the allegations to be true. After a hearing, an administrative law judge (ALJ) ordered J.N.'s name to be placed on the central registry. J.N. initially contested the placement of his name on the central registry, and he requested an administrative hearing pursuant to Ark. Code Ann. § 25-15-213(1) (Repl. 2002), which states that every party shall have the right to appear in person or by counsel. J.N.'s hearing was conducted by telephone conference in which the parties, counsel, and witnesses appeared at the DHS offices in Fayetteville while the ALJ listened over the telephone from Little Rock. At the hearing, J.N. objected to the format of the hearing, arguing that it was not an "in-person" hearing pursuant to Ark. Code Ann. § 25-12-213(1). The ALJ found that the telephone hearing was adequate. J.N. appealed this ruling to the Washington County Circuit Court.

A hearing was held at the circuit court on May 12, 2005. Among those present at the hearing were two attorneys for DHS, Nancy Shray and supervising attorney Michael Chase. The circuit court ruled that a hearing by telephone conference was not an "in-person" hearing within the meaning of Ark. Code Ann. § 25-15-213(1), and it remanded the case for a "hearing to be conducted *de novo*, in person. . . ." The trial court stated that the hearing "shall be scheduled at [DHS's] earliest possible convenience." The trial court's order was entered on June 15, 2005, after it was approved as to form and signed by Nancy Shray. On July 25, 2005, a copy of the order was faxed to Shray by the Washington County Circuit Clerk.

One hundred eighty-one days after the trial court's order was entered, J.N. filed a motion to remove his name from the central registry pursuant to Ark. Code Ann. § 12-12-512(c)(2) (Repl. 2003), which provides that "the Administrative Hearing process must be completed within one hundred-eighty (180) days from the receipt of the request for hearing, or the Petitioner's name shall be removed from the Central Registry." DHS filed a response, arguing that it was not the responsibility of the DHS Office of Chief Counsel to communicate the order to the DHS Office of Appeals and Hearings.

The trial court entered an order on February 1, 2006, directing DHS to remove J.N.'s name from the central registry because DHS failed to provide a timely hearing. The trial court found that DHS attorney Nancy Shray had notice of the order of remand and that DHS did not comply with the order in a timely manner. DHS now appeals the trial court's order to remove J.N.'s name from the central registry.

For its first point on appeal, DHS argues that the trial court erred when it ordered DHS to remove J.N.'s name from the central registry. DHS asserts that DHS complied with Ark. Code Ann. § 12-12-512(c)(2) (Repl. 2003) because the first or original hearing in this case was completed within the 180 days. DHS further asserts that J.N. failed to inform the ALJ of the trial court's earlier remand order and that it was J.N.'s responsibility to request a new hearing after the remand order was issued. DHS did not include in its abstract the hearing held on May 12, 2005, which resulted in the remand order being issued in this case. An abstract of this hearing is "necessary to an understanding of all questions

presented to [this court] for a decision." *See* Ark. Sup. Ct. R. 4-2(a)(5). Nevertheless, we will reach the merits of this appeal because J.N. cured the deficiency by including the hearing in the supplemental abstact.

Arkansas Code Annotated section 12-12-512(c)(2) states that the administrative hearing process must be completed within 180 days from the date of the receipt of the request for a hearing or the petitioner's name shall be removed from the Central Registry, provided that the delays in completing the hearing that are attributable to the petitioner shall not count against the 180-day limit. Here, there was a hearing that was held within 180 days of J.N.'s original request for a hearing. On appeal, however, the case was remanded back to the ALJ to conduct an in-person hearing, and this in-person hearing was not held within 180 days of the remand order. DHS argues that it was J.N.'s responsibility to request a new hearing in a timely manner, which he did not do, and therefore the delay in completing the hearing was attributable to J.N. and should not count against the 180-day limit.

The situation in the present case is unique and there is no analogous case law. When the circuit court remanded the case back to the ALJ for an in-person hearing, the posture of this case was as if there had been no first hearing before the ALJ. DHS, therefore, should have scheduled another hearing and notified J.N. of this hearing. DHS should have treated this situation as if there had been no first hearing before the ALJ. DHS did not do this, however, and now places the blame on J.N. for DHS's failure to have a hearing within the 180-day period.

DHS provides no authority for its assertion that it was J.N.'s responsibility to provide the Office of Appeals and Hearings with the circuit court's remand order. Arkansas Code Annotated section 12-12-512 does not place the burden on the petitioner to schedule hearings. The only time that petitioner has a duty to report a disposition of a case is when the petitioner is involved in an ongoing criminal or delinquency investigation that relates to the child maltreatment report. Ark. Code Ann. § 12-12-512(c)(2)(B). In this situation, the petitioner must report the final disposition of the criminal or delinquency proceeding to DHS. *Id.* Thus, J.N. had no duty to report the remand order to DHS.

DHS argues that J.N. should have requested another hearing after the case was remanded. This argument makes no sense,

because J.N. initially requested a hearing and one of the arguments before the circuit court was whether J.N. was entitled to an in-person hearing. The circuit court remanded the case so that J.N. could have an in-person hearing. Thus, J.N. should not have to again request a hearing that has already been ordered.

██ ██ The circuit court remanded the case for an in-person hearing to be scheduled "at the respondent's [DHS] earliest possible convenience." DHS had the responsibility of scheduling the hearing. It did not schedule the hearing within 180 days of the receipt of the request for a hearing, which in the present case was the remand order, and so the circuit court did not err when it ordered that J.N.'s name should be removed from the central registry.

██ For its second point on appeal, DHS argues that the trial court erred when it remanded this case for an in-person administrative hearing. J.N. argues that this argument is not preserved because DHS failed to appeal from the remand order entered on June 15, 2005. Under Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure – Civil, this court is limited to a review of a final judgment, decree or order. An order is final if it dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy. *Daniel v. State,* 64 Ark. App. 98, 983 S.W.2d 146 (1998). The order must put the judge's directive into execution, ending the litigation, or a separable branch of it. *Id.* When an order provides for a subsequent hearing, that provision prevents the order from being a final order. *Id.* Thus, J.N.'s assertion that DHS should have appealed from the remand order is incorrect, because the remand order was not a final order for purposes of an appeal. Moreover, Arkansas Rule of Appellate Procedure – Civil 2(b) states that an "appeal from any final order also brings up for review any intermediate order involving the merits and necessarily affecting the judgment." Thus, DHS's argument regarding the trial court's remand for an in-person administrative hearing is preserved for this court's review.

DHS asserts that J.N.'s request for an in-person hearing was untimely because he did not make his request until the administrative hearing had begun. DHS cites no authority for this asser-

tion. Moreover, J.N.'s counsel stated at that hearing that he had made the same request for an in-person hearing in previous hearings.

■ Arkansas Code Annotated section 12-12-512(c)(1)(C)(ii) states that a person named as the offender of the true report may request an administrative hearing.[1] Arkansas Code Annotated section 25-15-213 states that every party compelled to appear before an agency or representative of an agency shall have the right to appear in person or by counsel. Neither statute specifically prohibits telephone hearings, but Ark. Code Ann. § 25-15-213 suggests that one is entitled to a hearing in person, with "in person" meaning that the petitioner, respondent, witnesses, and the hearing officer are in one location. Thus, J.N. was entitled to an in-person hearing before the hearing officer, and the trial court did not err by so holding.

Affirmed.

GRIFFEN and VAUGHT, JJ., agree.

---

[1] Arkansas Code Annotated section 12-12-512(c)(1)(C) was amended in 2005 to specifically allow for a hearing by video teleconference in lieu of an in-person hearing and to allow for telephone hearings when neither party requests an in-person hearing. Ark. Code Ann. § 12-12-512(c)(1)(C)(v) (Supp. 2005).