Crystal DOBBS *v.* Johnathan DOBBS

CA 06-1037                                                     258 S.W.3d 414

Court of Appeals of Arkansas
Opinion delivered June 6, 2007

---

*Andrea Walker*, Legal Aid of Arkansas, for appellant.

JOSEPHINE LINKER HART, Judge. Crystal Dobbs appeals from the portion of a Jackson County Circuit Court order of protection stating, that, if the filing fees were not paid within thirty days by her estranged husband, Johnathan Dobbs, the person against whom the order of protection issued, the permanent order would not go into effect. She argues that the trial court's order thwarts the intent of the Domestic Abuse Act of 1991 and is contrary to public policy and the intent of the legislature. We hold that the contingent nature of the order renders it not final for the purposes of appeal, and we dismiss the case.

On April 20, 2006, Crystal petitioned for an order of protection against Johnathan. The petition was granted in an ex parte proceeding and a hearing was scheduled for May 22, 2006. At the hearing, both Crystal and Johnathan appeared, but Johnathan did not contest the issuance of the order of protection. The trial court orally granted Crystal's petition.

After announcing his intention to grant the order of protection, the trial judge recalled that Crystal had secured an order of protection the previous September, and she and Johnathan had appeared together and had that order dissolved. The trial judge noted that the court did not assess any costs for the September order and expressed concern over the court not receiving the fees. Ultimately, he entered an order that continued the ex parte protection order in force for an additional thirty days and conditioned the executing of a permanent order on Johnathan paying $190 in fees within those thirty days. The judge stated that "we're just trying to set up a policy. If you come in the second time, it's got to be paid."

Subject to a very few exceptions not applicable in this case, this court only has jurisdiction to decide cases where a final order has been entered. Ark. R. App. P. – Civ. 2(a)(1). Whether an order is final and appealable is a matter going to our jurisdiction; jurisdiction is an issue that we are obligated to raise on our own motion. *Capitol Life & Acc. Ins. Co. v. Phelps*, 72 Ark. App. 464, 37 S.W.3d 692 (2001).

In our view, we have before us a case in which the trial judge committed a manifest abuse of discretion. Inexplicably, he placed

the decision as to whether or not a protective order will be entered in the hands of the person against whom the protective order is sought. As we can conceive of no reason why Johnathan would desire to have a permanent order of protection issued against him, Johnathan obviously has no incentive to pay the fees. Furthermore, while the trial judge made Johnathan responsible for paying the costs, he also told Crystal that she could "assist" Johnathan. Given the previously mentioned lack of incentive for Johnathan to pay the fees, we believe that this ruling is tantamount to shifting the burden of paying the costs to Crystal despite the fact that the statute explicitly states that the petitioner shall not be required to bear these costs. Ark. Code Ann. § 9-15-202 (Repl. 2002).[1] We note that if the trial court simply wished to have the costs paid, it could order Johnathan to pay the costs and enforce the order with its contempt power if the fees remained unpaid.

■ However, the conditional nature of the trial court's order denies us jurisdiction. *See Corbit v. State*, 334 Ark. 592, 976 S.W.2d 927 (1998) (holding that a conditional judgment, order, or decree, the finality of which depends upon certain contingencies which may or may not occur, is not final for the purposes of appeal); *Mid-State Homes, Inc. v. Beverly*, 20 Ark. App. 213, 727 S.W.2d 142 (1987) (holding that a decree that grants alternative relief at the election of one of the parties is not appealable). Accordingly, we must dismiss this appeal.

Appeal dismissed.

GRIFFEN and GLOVER, JJ., agree.

---

[1] Arkansas Code Annotated section 9-15-202 states:

(a) The court, clerks of the court, and law enforcement agencies shall not require any initial filing fees or service costs.

(b) Established filing fees may be assessed at the full hearing.

(c)(1) The abused in any domestic violence petition for relief for a protection order sought pursuant to this subchapter shall not bear the cost associated with its filing, or the costs associated with the issuance or service of a warrant and witness subpoena.

(2) Nothing in this subsection shall be construed to prohibit a judge from assessing costs if the allegations of abuse are determined to be false.