

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-15-196

| | |
|---|---|
| TIMOTHY WHALEY<br><br>APPELLANT<br><br>V.<br><br>PAM AND DON BECKHAM<br><br>APPELLEES | **Opinion Delivered:** September 9, 2015<br><br>APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT<br>[NO.43PR–14–390]<br><br>HONORABLE ASHLEY PARKER, JUDGE<br><br>DISMISSED |

## WAYMOND M. BROWN, Judge

Appellant appeals from the circuit court's February 26, 2015 order which, in pertinent part, denied his motion to dismiss appellees' motion for leave to intervene, granted appellees' motion to intervene, and appointed appellees as temporary guardians of the person of Louise Alma Shepherd a/k/a Louise Whaley.[1] On appeal, appellant argues that the circuit court erred in allowing permissive intervention of a "stranger to the record" in a guardianship matter, specifically arguing that the trial court erred in denying his motion to dismiss appellees' motion to intervene and in appointing appellees as Ms. Whaley's temporary guardians.

Louise Whaley, the proposed ward, was 91 years old at the beginning of this case and had been living alone for some time in a house on property that she owned. Her estate, including multiple rental properties, was worth somewhere between $1,000,000

---

[1] This is a one-brief appeal.

and $1,500,000. She had two children, both sons; both are deceased. Appellant is the son of one of Ms. Whaley's sons. Appellees are Ms. Whaley's neighbors.[2]

Subject to a few exceptions not applicable in this case, Rule 2(a) of the Arkansas Rules of Appellate Procedure—Civil provides that this court only has jurisdiction to review cases where a final order has been entered.[3] Whether an order is final and appealable is a matter going to our jurisdiction; jurisdiction is an issue that we are obligated to raise on our own motion.[4] An order is final if it dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy.[5] The order must put the judge's directive into execution, ending the litigation, or a separable branch of it.[6]

The circuit court's February 26, 2015 order, while permitting appellees to intervene, did not discharge appellant from the action and did not prevent him from asserting his alleged right to be appointed as Ms. Whaley's permanent guardian. Furthermore, its denial of appellant's motion to dismiss is not severable from the remainder of the case.

---

[2] The appellees are living in one of Ms. Whaley's rental properties.

[3] Ark. R. App. P. – Civ. 2(a).

[4] *Dobbs v. Dobbs*, 99 Ark. App. 156, 157, 258 S.W.3d 414, 415 (2007) (citing *Capitol Life & Acc. Ins. Co. v. Phelps*, 72 Ark. App. 464, 37 S.W.3d 692 (2001)).

[5] *Ark. Dept. of Human Servs. v. J.N.*, 96 Ark. App. 319, 323, 241 S.W.3d 293, 296 (2006) (citing *Daniel v. State*, 64 Ark. App. 98, 983 S.W.2d 146 (1998)).

[6] *Id.*

We also note that the circuit court's February 26, 2015 order states that the hearing from which the order arose was stipulated by the parties to be "considered a temporary hearing" and awarded only temporary, and not permanent, custody. Appellant's brief noted that a hearing regarding permanent custody of Ms. Whaley was pending. Accordingly, the issue of permanent custody was left to be determined.

Because the circuit court's order did not prevent appellant from seeking guardianship of Ms. Whaley and did not dispose of the ultimate issue of permanent custody of the person of Ms. Whaley, the circuit court's order was not a final, appealable order.

Dismissed.

GLADWIN, C.J., and VIRDEN, J., agree.

*Frances Morris Finley*, for appellant.

No response.