# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–15–195

| | | |
|---|---|---|
| C.M. | | **Opinion Delivered** OCTOBER 21, 2015 |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, TENTH DIVISION [NO. JD-14-996] |
| V. | | |
| | | HONORABLE JOYCE WILLIAMS WARREN, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | APPEAL DISMISSED WITHOUT PREJUDICE |

**KENNETH S. HIXSON, Judge**

On December 1, 2014, the trial court entered an order adjudicating appellant C.M. a juvenile delinquent for the offense of felony theft by receiving. The order of adjudication set a disposition hearing for January 27, 2015. C.M. now appeals from the December 1, 2014, adjudication order, challenging the sufficiency of the evidence. Because the order appealed is not a final, appealable order, we dismiss the appeal.

Pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(1), an appeal may be taken from a final judgment or decree entered by the trial court. Although not raised by either party, the question of whether an order is final and appealable is a jurisdictional question that we will raise on our own. *Duffield v. Benton Cnty. Stone Co., Inc.*, 369 Ark. 314, 254 S.W.3d 726 (2007). The purpose of the finality requirement is to avoid piecemeal litigation. *K.W. v. State*, 327 Ark. 205, 937 S.W.2d 658 (1997). An order is final if it dismisses the

parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy; the order must put the judge's directive into execution, ending the litigation or a separable branch of it. *Id.*

In *Daniel v. State*, 64 Ark. App. 98, 983 S.W.2d 146 (1998), which was cited with approval by our supreme court in *State v. R.H.*, 2009 Ark. 564, we discussed the appealability of an adjudication order in a delinquency case. In *Daniel*, the appellant filed a notice of appeal from an order finding him delinquent. That adjudication order provided that the appellant was to return to court for a scheduled disposition hearing. The State filed a motion to dismiss, and we granted the motion because the adjudication order being appealed was not a final appealable order. In so doing, we rejected the appellant's argument that the adjudication order was final and appealable because the disposition hearing and order were merely collateral matters. When an order provides for a subsequent hearing, that prevents the order from being final and appealable. *Daniel, supra.*

In the present case, C.M. attempts to appeal from the adjudication order. However, that order provided for a subsequent disposition hearing, and our record contains neither a transcript of the disposition hearing nor any disposition order. This situation is akin to an appeal following a finding of guilt in a criminal proceeding but prior to entry of a sentencing order. *See State v. R.H., supra.* Because the December 1, 2014 order designated in C.M.'s notice of appeal is not a final order, we are without jurisdiction to consider this appeal.

Appeal dismissed without prejudice.

KINARD and GRUBER, JJ., agree.

2

*William R. Simpson, Jr.*, Public Defender, and *Katelyn Busby*, Deputy Public Defender*,* by: *Margaret Egan*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Priest*, Ass't Att'y Gen., for appellee.