SLIP OPINION  Cite as 2015 Ark. App. 644

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV–15–158

| | | |
|---|---|---|
| DEBRA L. MASON | | **Opinion Delivered** NOVEMBER 12, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION [NO. DR–2010–1318] |
| V. | | |
| CHARLES F. MASON | | |
| | APPELLEE | HONORABLE CHRISTOPHER PALMER, JUDGE |
| | | DISMISSED |

## BART F. VIRDEN, Judge

This is the second time former spouses Debra Mason and Charles Mason have been before this court. This first time, the appeal was dismissed for lack of a final order.[1] In the present appeal, Debra challenges (1) the trial court's finding that her alimony terminated as a matter of law pursuant to Arkansas Code Annotated Section 9–12–312(a)(2)(D), (2) the trial court's initial alimony award and its subsequent refusal to modify the award, and (3) the trial court's finding that the Scott Trade account was Charles's nonmarital property.[2] However, we do not reach the merits of these arguments because we are again lacking a final order from the trial court.

---

[1] *See Mason v. Mason*, 2012 Ark. App. 393.

[2] The findings made regarding the Scott Trade account were made in the parties' divorce decree by the Honorable Vann Smith of the Fourteenth Division of the Pulaski County Circuit Court. Judge Smith later recused from this matter.

A brief recitation of the facts is necessary to explain the deficiency. In March 2010, Charles filed a complaint for divorce from Debra. The trial court held a final divorce hearing in June 2011, and in August 2011, the trial court entered a divorce decree. Debra timely appealed the decree of divorce. This court ultimately dismissed that appeal, holding that the decree lacked finality because the trial court did not make a final disposition of the parties' marital home. The decree ordered the parties to continue to attempt to privately sell the marital home for a period of six months. At the conclusion of six months, if the house had not sold, either party was allowed to petition the court to request that the Circuit Clerk of Pulaski County sell the house. Upon such a petition, the trial court would determine if the house should be sold by the clerk or continue to be privately listed for sale.

After the dismissal of the first appeal, the trial court entered an order in October 2012 addressing the disposition of the marital home. The order included the following provisions

> The issues of whether the Plaintiff receives credit for any reduction in the principal of the house and any repairs he has made are reserved. If the home is sold, the parties shall deposit any disputed funds into escrow subject to further orders of this Court. This Order is not intended to be a final Order as there are issues still outstanding.

The October 2012 order clearly contemplates further orders by the trial court.

In February 2014, Debra filed a motion to modify her alimony payments. The trial court held a hearing on the motion to modify alimony and also considered the constitutionality of Arkansas Code Annotated section 9-12-312(a)(2)(D). Following the hearing, the trial court issued an order declining to increase Debra's alimony, and in a subsequent order, it found that Charles's alimony obligation terminated as a matter of law pursuant to Ark. Code Ann. § 9-12-312(a)(2)(D) because Debra cohabited full-time with a

SLIP OPINION

person with whom she had a romantic relationship. Debra timely appealed and challenged the trial court's rulings regarding alimony as well as issues of property division in the parties' divorce decree.

Rule 2(a)(1) of the Rules of Appellate Procedure–Civil provides that an appeal may be taken from a final judgment or decree entered by the trial court. Whether an order is final and appealable is jurisdictional and may be raised on this court's own motion. *Dobbs v. Dobbs*, 99 Ark. App. 156, 258 S.W.3d 414 (2007). For a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Roberts v. Roberts*, 70 Ark. App. 94, 14 S.W.3d 529 (2000).

After the dismissal of the first appeal, the trial court issued an order in October 2012 that pertained to the marital home. The October 2012 order contemplated further action by the trial court and was not a final order for appellate purposes. The trial court entered two subsequent orders regarding alimony, but neither order was identified as final, nor do the subsequent orders indicate whether all pending issues have been resolved. Additionally, Debra did not dispose of all pending but unresolved claims in her notice of appeal. Neither of the orders following the October 2012 order clearly indicate that the parties were dismissed from court, discharged from the action, or had their rights to the subject matter in controversy concluded. Thus, we must dismiss the present appeal.

Dismissed.

KINARD and HOOFMAN, JJ., agree.

*Digby Law Firm*, by: *Bobby R. Digby II*, for appellant.

*Hilburn, Calhoon, Harper, Pruniski & Calhoun, LTD.*, by: *Sam Hilburn* and *Scott Hilburn*, for appellee.