
# ARKANSAS COURT OF APPEALS

### DIVISION IV
### No. CV-15-196

| | |
|---|---|
| | **OPINION DELIVERED** NOVEMBER 18, 2015 |
| TIMOTHY WHALEY<br>APPELLANT | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. 43PR-14-390] |
| V. | HONORABLE ASHLEY PARKER, JUDGE |
| PAM AND DON BECKHAM<br>APPELLEES | SUBSTITUTED OPINION ON THE GRANT OF THE PETITION OF REHEARING; AFFIRMED |

**ROBERT J. GLADWIN, Chief Judge**

Appellant Timothy Whaley ("Whaley") files this one-brief appeal from the February 26, 2015 order entered by the Lonoke County Circuit Court denying his motion to dismiss appellees Pam and Don Beckham's ("Beckhams") petition to intervene, granting the Beckhams' intervention, and reappointing the Beckhams as temporary guardians of the person of Louise Whaley Shepherd a/k/a Louise Whaley ("Ward") and the First Community Bank of Searcy ("Bank") as guardian of the Ward's estate.[1] Whaley's sole argument on appeal

---

[1]This appeal is related to *Autry v. Beckham*, 2014 Ark. App. 692, 450 S.W.3d 247, in which Janet Kaye Autry petitioned for ex parte temporary and permanent guardianship over her grandmother's, the Ward's, person and estate. The Beckhams were neighbors of the Ward, and they intervened and filed a petition to be appointed as permanent guardians of the Ward's person and estate. The Lonoke County Circuit Court appointed the Beckhams as temporary guardians of the Ward's person, and the Bank as guardian of her estate. Autry appealed, and we reversed and remanded, holding that the relevant statute required a professional evaluation of the Ward, and that without that evaluation, the circuit court had insufficient evidence to find that a guardian needed to be appointed.

SLIP OPINION

is that the circuit court erred in allowing the permissive intervention of the Beckhams in this guardianship case. We affirm.

This case involves a dispute between the family of the Ward and her neighbors, the Beckhams, who claim they should be appointed temporary and permanent guardians of the person of the Ward. Janet Kaye Autry, a granddaughter of the Ward, originally filed a petition to be appointed temporary and then permanent guardian of both the estate and person of the Ward, and the circuit court made the temporary appointment; however, before a hearing could be held on the permanent appointment, the Beckhams were allowed to intervene and, the circuit court appointed them guardians of the person and the Bank as the guardian of the estate. Autry appealed, citing the following three points:

(1) there had been no testimony by affidavit or in person of a qualified professional to ascertain whether the Ward was in need of a guardian;

(2) the Beckhams did not have standing to intervene under the provisions of Rule 24(b) of the Arkansas Rules of Civil Procedure; and

(3) the circuit court should have given preference to the family member, all things being equal.

This court reversed the case based upon the lack of an affidavit or other testimony of a professional, and did not reach the other issues. *See Autry*, *supra*. The Beckhams filed a motion for reconsideration, which was denied, and the court's mandate came down on January 14, 2015.

In the meantime, on December 10, 2014, Whaley, a grandson of the Ward, filed a petition to be appointed temporary guardian and then permanent guardian. On January 20, 2015, after the mandate was entered, Whaley filed an amended petition adding another

grandson to the list of persons to be notified. On January 27, 2015, prior to the circuit court taking action on either petition, the Beckhams filed another petition to intervene and for appointment as guardians. Both the motion and the petition, as required, stated their reason for intervention as . . . they have "consistently taken care of [the Ward]."

A full hearing was held on January 29, 2015, including a motion to dismiss the Beckhams' motion to intervene. From the bench, the circuit court denied Whaley's motion to dismiss the Beckhams' petition, granted the Beckhams' intervention, and reappointed the Beckhams as temporary guardians of the Ward's person and the Bank as guardian of the Ward's estate. The order was entered of record on February 26, 2015. Whaley filed a timely notice of appeal by fax on the same day, and a hard copy was filed the following day, February 27, 2015.

The Arkansas Supreme Court held in *Duffield v. Benton County Stone Co., Inc.*, 369 Ark. 314, 254 S.W.3d 726 (2007), that an order granting permissive intervention, but denying intervention as a matter of right, is not immediately appealable. However, Arkansas Rule of Appellate Procedure–Civil (2)(a)(12) (2014) provides that an appeal may be taken from "[a]n order appealable pursuant to any statute in effect on July 1,1979, including . . . § 28-1-116[.]" Arkansas Code Annotated section 28-1-116(a) (Repl. 2012) provides, "Except, as provided in subsection (b) of this section, a person aggrieved by an order of the circuit court in probate proceedings under the provisions of the Probate Code may obtain a review of the order by the Supreme Court or the Court of Appeals." Subsection (b) lists two exceptions—(1) removing a fiduciary for failure to give a new bond or to render an

account as required by the court, or (2) appointing a special administrator—neither of which has any application in this case. Subsection (c)(1) provides for a stay of appeal; however, subsection (c)(2) specifically provides that guardianships will not be stayed during an appeal.

Arkansas Code Annotated section 28-65-218(i) (Repl. 2012) governs temporary guardianships and provides, "In other respects, the provisions of this chapter concerning guardians shall apply to temporary guardians, and an appeal may be taken from the order of appointment of a temporary guardian."

Our court rules and the relevant statutes clearly provide that all probate orders, but for the two exceptions not applicable here, are appealable. Further, there is no distinction made between temporary and permanent guardianships; guardianships will not be stayed on appeal; and appeals may be taken from an order of appointment of a temporary guardian. Therefore, we hold that we have jurisdiction to hear Whaley's appeal.

Guardianship proceedings are reviewed de novo, but the appellate courts will not reverse a guardianship decision unless it is clearly erroneous. *Sherland v. Sherland*, 2015 Ark. App. 342, 465 S.W.3d 3. Arkansas Code Annotated section 28-65-205(a) (Repl. 2012) provides, "Any person may file a petition for the appointment of himself or herself or some other qualified person [pursuant to section 28-65-203 (Supp. 2013)] as guardian of an incapacitated person." Section 28-65-203(a) provides that a natural person who is a resident of this state, eighteen or more years of age, of sound mind, not a convicted and unpardoned felon, is qualified.

SLIP OPINION

The standard of review in permissive intervention under Rule 24(b) is an abuse of discretion by the court. *Mann v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 352, 415 S.W.3d 45. Abuse of discretion is described as "discretion improvidently exercised, i.e., exercised thoughtlessly and without due consideration." *Delgado v. Delgado*, 2012 Ark. App. 100, at 6, 389 S.W.3d 52, 57.

The majority of appeals decided in Arkansas on this issue have been decided on the issue of intervention by right pursuant to Rule 24(a) of the Arkansas Rules of Civil Procedure, but this appeal involves the circuit court allowing what Whaley defines as "stranger[s] to the record" to intervene in a guardianship proceeding. According to Rule 24(c), the Beckhams, as intervenors, were required to state a basis for intervening that complies with Rule 24(b). The reasons provided were that "the intervenors are close acquaintances of the incapacitated person and have known [the Ward] for 15 years and . . . have cared for [the Ward] for five years, including transporting her to and from her doctor's appointments."

Whaley contends that this is not a protectable interest as set out in *Reynolds v. Guardianship of Sears*, 327 Ark. 770, 940 S.W.2d 483 (1997). There, our supreme court held that a nonparty may enter into a lawsuit under Rule 24 if he has a "protectable interest in the outcome" by proving the following three things:

(1) that he has a recognized interest in the subject matter of the primary action—here being named guardian;

(2) that his interest might be impaired by the disposition of the suit; and

(3) his interest is not protected by existing parties.

The court has held that all three requirements must be met. *See Ark. Democrat-Gazette v. Brantley*, 359 Ark. 75, 194 S.W.3d 748 (2004). The circuit court here, despite a request, provided no findings of fact and conclusions of law, especially addressing nonfamily members seeking intervention, being allowed to intervene, and being named guardians, specifically when there were family members who requested and were qualified to serve.

Whaley cites David Newbern, *Arkansas Civil Practice and Procedure* § 5-15, at 61–62 (2d ed. 1993), regarding the requirements for standing to appear as a party:

> To be a proper plaintiff in an action, one must have an interest which has been adversely affected or rights which have been invaded. Courts will not allow suit by one who is a "stranger to the record" or for the purpose of vindicating an abstract principle of justice.

He questions how the Beckhams, who have no standing to appear as a party, can have standing to intervene. It is uncontested that the Beckhams are "strangers to the record" in that their names do not appear on any pleading or any document claiming any present interest that has been adversely affected or any rights which have been invaded. The sole argument stated in their motion to intervene and in their petition is that they have consistently taken care of the Ward and that "they belong with [the Ward] and them being appointed guardians is in her best interest."

Whaley argues that if the Beckhams have been in charge of consistently taking care the Ward, they have done an inadequate job. At the hearing, Whaley introduced numerous pictures of the current condition of her home, which show it in a deteriorating condition, such as sagging floors, overflowing sewer lines, dirty dishes in the sink, the carport roof falling in, and wheelchair ramps falling apart. These pictures were reviewed by the circuit

court when it examined Mr. Daniel Kemper, a trust officer for the Bank, and the photographic evidence was corroborated by the photographs included as part of an inspection by a licensed home inspector ordered by the Bank after the hearing, and included in this record. After receiving the report, Mr. Kemper, on behalf of the Bank, wrote a letter to the Beckhams saying the repairs were "urgent," and the Ward should be moved to a nursing facility while they were being done.[2] Whaley claims that the care that the Ward has been receiving from the Beckhams is not in her "best interest." This evidence goes to the circuit court's determination of the actual appointment of a guardian rather than the issue of intervention.

Whaley next argues that the Beckhams' mishandling of the Ward's personal finances and lack of authority in that regard are further evidence of their lack of interest in the guardianship. At the hearing on January 29, 2015, Mr. Kemper testified that at the time the Bank took over, there was close to $900,000 in the estate, consisting primarily of liquid assets. He also testified that the Bank had paid $89,500 to caregivers hired by the Beckhams since March 2014 until the present. When asked if the Bank had inquired of the circuit court about the amount of payments, Mr. Kemper replied that the circuit court found and entered an order that the Bank could not challenge any bill presented by the Beckhams. Mr. Kemper also testified that there were times when the Ward was in a full-time supervisory nursing facility that the Beckhams continued to submit bills from caregivers.

---

[2]As of March 21, 2015, the Ward was still living in the home.

Whaley concludes that the Beckhams lacked standing to intervene in this guardianship, as they were neither heirs nor creditors. He argues that the circuit court abused its discretion when it dismissed his argument out of hand with no opportunity for him to try the issue of intervention on the law and the facts and based only on the motion of the Beckhams. We disagree. Despite Whaley's arguments regarding the evidence presented against the Beckhams being the best alternatives for the appointment as guardians, we hold that he failed to demonstrate an abuse of discretion as to the specifically appealed issue of intervention. Pursuant to the rationale of section 28-65-205(a), coupled with the Beckhams' evidence as to their involvement and interest in the well-being of the Ward, we hold that the circuit court did not abuse its discretion in granting their petition to intervene in a guardianship proceeding.

Affirmed.

VIRDEN, HARRISON, KINARD, and GLOVER, JJ., agree.

BROWN, J., dissents.

8

SLIP OPINION

**WAYMOND M. BROWN, Judge, dissenting.** I respectfully disagree with the majority's conclusion that Whaley's appeal was from a probate order. For the following reasons, I dissent.

Whaley's February 27, 2015 notice of appeal states that he is appealing the judgment that denied his motion to dismiss the Beckhams' motion to intervene. He makes no mention in his brief of the denial of his, nor the grant of the Beckhams', petition for temporary guardianship in his notice of appeal, arguing instead that the court should have granted his motion to dismiss the Beckhams' motion to intervene because the Beckhams were "strangers to the record." Accordingly, he is appealing the court's decision on the motion to intervene alone.[1]

A motion to intervene is a creature of the Arkansas Rules of Civil Procedure. A review of caselaw discloses no other case in which this court has heard an appeal involving a motion to intervene on a permissive basis alone, pursuant to Arkansas Rule of Civil Procedure 24(b), without also hearing the merits on the underlying issue. I have found no caselaw on any subject matter where this court has heard an appeal of a circuit court's intervention decision, when not of right, without there being any other issue before it.

I agree with the majority's cited authority—caselaw and statutes—regarding temporary guardianships and the ability to appeal them. Arkansas Code Annotated section 28-1-116(a) states that an aggrieved person may appeal a probate order. Arkansas Code

---

[1]Though Whaley is appealing his motion to dismiss, said motion was specifically dealing with the court's decision on the Beckhams' motion to intervene. Whaley is essentially arguing that the Beckhams' motion to intervene, as permissive intervenors, should have been denied.

Annotated section 28-65-218(i) states that an appeal may be taken from the order of appointment of a temporary guardian. An order deciding a temporary guardianship is a probate order.[2] However, Whaley does not appeal from the denial of his temporary guardianship. He appeals only the circuit court's denial of his motion to dismiss the Beckhams' motion to intervene. Therein lies my issue: whether Whaley's appeal can be heard pursuant to Arkansas Code Annotated sections 28-1-116(a) and 28-65-218(i) when he is not appealing the subject of those statutes combined—a probate order deciding a temporary guardianship matter.

The majority opinion appears to state that because the motion to intervene occurred in a matter involving a temporary guardianship, which is itself appealable, any underlying order therein is also appealable. I do not agree. This court has yet to hear, alone, an appeal of a circuit court's disposition on a motion to intervene. My reasonable reading of Arkansas Code Annotated sections 28-1-116(a) and 28-65-218(i) is that Whaley was required to appeal the circuit court's decision on temporary guardianship for those statutes to apply. Because he failed to do so, appealing only the decision on the motion to dismiss the motion to intervene, any authority to hear this appeal comes from the Arkansas Rules of Appellate Procedure –Civil and not the above-referenced statutes. Accordingly, I restate the analysis in my original opinion.

Subject to a few exceptions not applicable in this case, Rule 2(a) of the Arkansas Rules of Appellate Procedure –Civil provides that this court only has jurisdiction to review

---

[2] *See Hicks v. Faith*, 2011 Ark. App. 330, 384 S.W.3d 17; *Moore v. Sipes*, 85 Ark. App. 15, 146 S.W.3d 903 (2004).

cases where a final order has been entered.[3] Whether an order is final and appealable is a matter going to our jurisdiction; jurisdiction is an issue that we are obligated to raise on our own motion.[4] An order is final if it dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy.[5] The order must put the judge's directive into execution, ending the litigation, or a separable branch of it.[6]

The circuit court's February 26, 2015 order denying appellant's motion to dismiss is not severable from the remainder of the case. Furthermore, while it permitted the Beckhams to intervene, it did not discharge appellant from the action.

Because the circuit court's order did not prevent appellant from further arguing the underlying issue and left the underlying issue to be addressed at a later date, the circuit court's order was not a final, appealable order. Accordingly, I conclude that this court has no authority to hear this matter. Because this court lacks jurisdiction to hear this matter, it should be dismissed.

*Francis Morris Finley*, for appellant.

No response.

---

[3] Ark. R. App. P.–Civ. 2(a).

[4] *Dobbs v. Dobbs*, 99 Ark. App. 156, 157, 258 S.W.3d 414, 415 (2007) (citing *Capitol Life & Acc. Ins. Co. v. Phelps*, 72 Ark. App. 464, 37 S.W.3d 692 (2001)).

[5] *Ark. Dep't of Human Servs. v. J.N.*, 96 Ark. App. 319, 323, 241 S.W.3d 293, 296 (2006) (citing *Daniel v. State*, 64 Ark. App. 98, 983 S.W.2d 146 (1998)).

[6] *Id.*