Waymond M. Brown, Judge, dissenting. |3I respectfully disagree with the majority’s conclusion that Whaley’s appeal was from a probate order. For the following reasons, I dissent. Whaley’s February 27, 2015 notice of appeal states that he is appealing the judgment that denied his motion to dismiss the Beckhams’ motion to intervene. He makes no mention in his brief of the denial of his, nor the grant of the Beckhams’, petition for temporary guardianship in his notice of appeal, arguing instead that the court should have granted his motion, to dismiss the Beckhams’ motion to intervene because the Beckhams were “strangers to the record.” Accordingly, he is appealing the court’s decision on the motion to intervene alone.[1] A motion to intervene is a creature of the Arkansas Rules of .Civil Procedure. A review of caselaw discloses no other case in which this court has heard an appeal involving a motion to intervene on. a permissive basis alone, pursuant to Arkansas Rule of Civil Procedure 24(b), without also hearing the merits on the underlying issue. I have found no caselaw on any subject matter where this court has heard an appeal of a circuit court’s intervention decision, when not of right, without there being any other issue before it. I agree with the majority’s cited authority — caselaw and statutes — regarding temporary guardianships and the ability to appeal them. Arkansas Code Annotated section 28-l-116(a) states that an aggrieved person may appeal a probate order. Arkansas Code |10Annotated section 28-65-218© states that an appeal may be taken from the order of appointment of a temporary guardian. An order deciding a temporary guardianship is a probate order.[2] However, Whaley does not appeal from the denial of his temporary guardianship. He appeals only the circuit court’s denial of his motion to dismiss the Beck-hams’ motion to intervene. Therein lies my issue: whether Whaley’s appeal can be heard pursuant to Arkansas Code Annotated sections 28-l-116(a) and 28-65-218(i) when he is not appealing the subject of those statutes combined — a probate order deciding a temporary guardianship matter. . The majority opinion appears to state that because the motion to intervene occurred in a matter involving a temporary guardianship, which is itself appealable, any underlying order therein is also ap-pealable. I do not agree. This court has yet to hear, alone, an appeal of a circuit court’s disposition on a motion to intervene. My reasonable reading of Arkansas Code Annotated sections 28-l-116(a) and 28-65-218(1) is that Whaley was required to appeal the circuit court’s decision on temporary guardianship for those statutes to apply. Because he failed to do so, appealing only the decision on the motion to dismiss the motion to intervene, any authority to hear this appeal comes from the Arkansas Rules of Appellate Procedure — Civil and not the above-referenced statutes. Accordingly, I restate the analysis in my original opinion. Subject to a few exceptions not applicable in this case, Rule 2(a) of the Arkansas Rules of Appellate Procedure — Civil provides that this court only has jurisdiction to review Incases where a final order has been entered.[3] Whether an order is final and appealable is á matter going to our jurisdiction; jurisdiction is an issue that we are obligated to raise on our own motion.[4] An order is final if it dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy.[5] The order must put the judge’s directive into execution, ending the litigation, or a separable branch of it.[6] The circuit court’s February 26, 2015 order denying appellant’s motion to dismiss is not severable from the remainder of the case. Furthermore, while it permitted the Beckhams to intervene, it did not discharge appellant from the action. Because the circuit court’s order did not prevent appellant from further arguing the underlying issue and left the underlying is,sue to be addressed, at a later date, the circuit court’s order was .not a final, ap-pealable order. Accordingly, I conclude that this court has no authority to hear this matter. Because this court lacks jurisdiction to hear this matter, it should be dismissed. . Though Whaley is appealing his motion to dismiss, said motion was specifically dealing with the court’s decision on the Beckhams’ motion to intervene. Whaley is essentially arguing that the Beckhams’ motion to intervene, as permissive intervenors, should have been denied. . See Hicks v. Faith, 2011 Ark. App. 330, 384 S.W.3d 17; Moore v. Sipes, 85 Ark. App. 15, 146 S.W.3d 903 (2004). . Ark. R.App. P. — Civ. 2(a). . Dobbs v. Dobbs, 99 Ark. App. 156, 157, 258 S.W.3d 414, 415 (2007) (citing Capitol Life & Acc. Ins. Co. v. Phelps, 72 Ark. App. 464, 37 S.W.3d 692 (2001)). . Ark. Dep't of Human Servs. v. J.N., 96 Ark. App. 319, 323, 241 S.W.3d 293, 296 (2006) (citing Daniel v. State, 64 Ark. App. 98, 983 S.W.2d 146 (1998)). . Id.