
SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-14-1007

| | |
|---|---|
| ARKANSAS INSURANCE DEPARTMENT | Opinion Delivered: JANUARY 27, 2016 |
| APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT |
| V. | [NO. 17CV-12-523] |
| RACHEAL HENLEY | HONORABLE MICHAEL MEDLOCK, |
| APPELLEE | JUDGE |
| | APPEAL DISMISSED |

## WAYMOND M. BROWN, Judge

The Crawford County Circuit Court remanded an order of the Arkansas Insurance Department (Department) for further proceedings after the Department revoked the title-insurance license of appellee Racheal Henley. The Department appeals the circuit court's ruling, but we must dismiss the appeal for lack of a final order.

In 2011 and 2012, the Department conducted an investigation of Henley's employer, Edwards Title, LLC. The investigation stemmed from the theft of escrow funds by an Edwards closing agent. Henley was not implicated in the theft, but the evidence uncovered during the course of the investigation convinced the Department that both Henley, who was the title agency's manager, and Charles Dyer, the agency's owner, had committed violations of Arkansas Insurance Department regulations and the Arkansas

Insurance Code. The Department held hearings to determine whether Dyer's and Henley's title-insurance licenses should be revoked.[1]

Following a hearing, the Department issued an order in October 2012 revoking Henley's license. The order relied in part on Henley's conduct as Edwards's operations manager in the years prior to March 2011, which was when Henley actually received her title-agent license. Henley appealed to the Crawford County Circuit Court, pursuant to the Administrative Procedure Act.[2] She argued primarily that the Department erred in basing her revocation on activities that occurred before her March 2011 licensure. She also argued that the Department's sanction of revocation was too harsh.

The circuit court agreed that "the issues and complaints that arose before [Henley] was licensed were given too much weight" and that "a review of the Department's sanctions in previous hearings does not yield a consistent view of what sanction is appropriate under similar circumstances." The court therefore struck some of the findings in the Department's revocation order, although other findings were allowed to stand. The court then remanded the case back to the Department for "further proceedings." The Department filed an appeal in our court following the circuit court's order of remand.

A circuit court's order of remand to an administrative agency for further proceedings is not a final, appealable order.[3] This is true even where, as here, the circuit

---

[1] We affirmed the Department's revocation of Dyer's license in *Dyer v. Arkansas Insurance Department*, 2015 Ark. App. 446, 468 S.W.3d 303.

[2] *See* Ark. Code Ann. § 25–15–212 (Repl. 2014).

[3] *See generally Floyd v. Ark. State Bd. of Pharmacy*, 248 Ark. 459, 451 S.W.2d 874 (1970); *Ark. Dep't of Human Servs. v. J.N.*, 96 Ark. App. 319, 241 S.W.3d 293 (2006);

court has affirmed the agency's findings in part.[4] Because the order is not final, we lack jurisdiction to hear the present appeal.

The Department contends, however, that the circuit court's decision is final pursuant Arkansas Code Annotated section 25-15-212(i).[5] That statute provides that an agency order that is affirmed or affirmed in part by a court "shall be a final judgment subject to writ of garnishment or execution to the extent it is affirmed." We disagree that section 25-15-212(i) confers finality for purposes of appeal in this case. The statute is clearly concerned with finality for purposes of garnishment and execution, which are not at issue here. Further, the statute does not resolve the question of whether a court's ruling is final with regard to an appeal, nor does it address the question of finality when a case is remanded to the administrative agency. We therefore rely on our case law, cited previously, to hold that the appeal in this instance does not come from a final order of the circuit court.

The appeal is dismissed without prejudice, subject to re-filing upon entry of a final order.

Dismissed without prejudice.

GLADWIN, C.J., and ABRAMSON, J., agree.

*Amanda J. Andrews*, Assoc. Counsel, Ark. Ins. Dep't, for appellant.

*Joseph C. Self*, for appellee.

---

*Hargrett v. Dir.*, 44 Ark. App. 111, 866 S.W.2d 432 (1993) (per curiam); *Baldor Elec. Co. v. Jones*, 29 Ark. App. 80, 777 S.W.2d 586 (1989).

[4] *Oldenberg v. Ark. State Med. Bd.*, 2013 Ark. App. 599.

[5] (Repl. 2014).