

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CV-15-712

| | |
|---|---|
| | **Opinion Delivered** February 17, 2016 |
| FREDERICK LEE PITCHFORD<br>APPELLANT | APPEAL FROM THE CRITTENDEN<br>COUNTY CIRCUIT COURT<br>[NO. CV-14-350] |
| V. | |
| NANCY E. WRIGHT, AS ATTORNEY<br>IN FACT FOR ALICIA CHRISTINE<br>EDGIN | HONORABLE MELISSA BRISTOW<br>RICHARDSON, JUDGE |
| APPELLEE | APPEAL DISMISSED |

## WAYMOND M. BROWN, Judge

Appellant Frederick Lee Pitchford, pro se, appeals the trial court's May 28, 2015 order, which denied appellant's recusal motion, denied appellant's motion to dismiss for failure to state a claim, and granted appellee's motion for protective order to prevent Alicia Christine Edgin from testifying in this matter due to a finding that Edgin is not a competent witness. Appellant argues that the trial court erred and should be reversed. We dismiss because appellant has failed to appeal from a final order.

Subject to a few exceptions not applicable in this case, Rule 2(a) of the Arkansas Rules of Appellate Procedure–Civil provides that this court only has jurisdiction to review cases where a final order has been entered.[1] Whether an order is final and appealable is a matter

---

[1] Ark. R. App. P.–Civ. 2(a).

going to our jurisdiction; jurisdiction is an issue that we are obligated to raise on our own motion.[2] An order is final if it dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy.[3] The order must put the judge's directive into execution, ending the litigation, or a separable branch of it.[4]

We have held that the denial of a motion to dismiss is not a final order, as the only matter disposed of by the order is that the case should proceed to trial.[5] Additionally, Ark. R. App. P.–Civ. 2 does not authorize an interlocutory appeal from the denial of a motion to recuse.[6] Thus, appellant's first two points of appeal are not properly before us because they are not from a final order.

In granting appellee's motion for a protective order, the court noted that appellant could retain a medical doctor to conduct an examination of Edgin and offer the court another opinion on Edgin's competency as a witness for further consideration. The court gave appellant until the final hearing to secure this opinion and present it to the court. The language of the order clearly contemplates further action by appellant and the court

---

[2] *Dobbs v. Dobbs*, 99 Ark. App. 156, 258 S.W.3d 414 (2007).

[3] *Ark. Dep't of Human Servs. v. J.N.*, 96 Ark. App. 319, 241 S.W.3d 293 (2006).

[4] *Id.*

[5] *Evins v. Carvin*, 2013 Ark. App. 185, 426 S.W.3d 549 (citing *Plunk v. State*, 2012 Ark. 362).

[6] *Manila Sch. Dist. No. 15 v. Wagner*, 357 Ark. 20, 159 S.W.3d 285 (2004).

concerning Edgin's competency as a witness. As such, the order was not final as to the protective order.[7] Therefore, we dismiss the appeal without prejudice for lack of a final order.

Appeal dismissed.

VAUGHT and HOOFMAN, JJ., agree.

*Frederick Lee Pitchford*, pro se appellant.

No response.

---

[7]*See Yarbrough v. Powell*, 2015 Ark. App. 218, 459 S.W.3d 329.