
# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV–15–147

| | |
|---|---|
| BROOKEWOOD, LIMITED PARTNERSHIP<br><br>APPELLANT<br><br>V.<br><br>DEQUEEN PHYSICAL THERAPY AND OCCUPATIONAL THERAPY, INC.<br><br>APPELLEE | Opinion Delivered: MARCH 9, 2016<br><br>APPEAL FROM THE SEVIER COUNTY CIRCUIT COURT<br>[NO. CV-2012-60-1]<br><br>HONORABLE TOM COOPER, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

**DAVID M. GLOVER, Judge**

This appeal arises out of circumstances relating to a contract between Brookewood, Limited Partnership (Brookewood), a long-term-care facility in DeQueen, Arkansas, and DeQueen Physical Therapy and Occupational Therapy, Inc. (DeQueen). Under the terms of their contract, DeQueen agreed to provide therapy services to Brookewood to the exclusion of all other long-term-care facilities in the area, and Brookewood agreed to use the services of DeQueen for a term of twenty years. Brookewood prematurely terminated the contract, and DeQueen instituted this litigation. The case ultimately proceeded to a trial wherein a Sevier County jury awarded DeQueen $6 million in compensatory and punitive damages from Brookewood. This appeal followed. Because we lack a final order, we are precluded from reaching the merits of this appeal.

Rule 2(a)(1) of the Rules of Appellate Procedure–Civil provides that an appeal may be taken from a final judgment or decree entered by the circuit court. Whether an order is final and appealable is jurisdictional and may be raised on this court's own motion. *Dobbs*

SLIP OPINION

*v. Dobbs*, 99 Ark. App. 156, 258 S.W.3d 414 (2007). For a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Roberts v. Roberts*, 70 Ark. App. 94, 14 S.W.3d 529 (2000). With this standard in mind, we turn our attention to the facts in this appeal.

In July 2012, DeQueen and its owners, Darin Tollett and Kim Tollett, filed this lawsuit against Brookewood. In the initial complaint, DeQueen and the Tolletts sued Brookewood for breach of contract and promissory estoppel, alleging that Brookewood owed them money for prematurely terminating their contract without cause and for unpaid services rendered. DeQueen and the Tolletts later amended their complaint in February 2013. In the amended complaint, they added a civil-conspiracy claim against Brookewood. They also added Realization Rehab, PLLC (Realization), as a party and sued it for civil conspiracy and tortious interference with a contractual or business relationship. We observe that each of the claims in the amended complaint is pursued by "plaintiffs" indicating that both DeQueen and the Tolletts sought relief based on each of these claims.

Later, the circuit court entered an order for partial summary judgment. That order dismissed the promissory-estoppel claim in its entirety and the breach-of-contract claims of the Tolletts. At this juncture, the Tolletts still had pending a civil-conspiracy claim against Brookewood and tortious-interference and civil-conspiracy claims against Realization.

The case eventually proceeded to a three-day trial by jury. At the conclusion of the trial, the jury rendered a verdict. The verdict forms indicate that the jury did not determine the rights of the Tolletts on their civil-conspiracy claim against Brookewood or their tortious-interference and civil-conspiracy claims against Realization. Likewise, the circuit

court's judgment did not address or dispose of the remaining claims of the Tolletts. Because of this, we must dismiss this appeal for lack of a final order.

We also note a briefing deficiency that may need to be addressed upon the refiling of an appeal. In this appeal, Brookewood challenges the circuit court's refusal to give a jury instruction on consequential damages. However, Brookewood fails to include its proposed jury instruction on consequential damages in its addendum. Arkansas Supreme Court Rule 4-2 requires that an appellant's brief contain an addendum with "copies of non-transcript documents in the record that are essential for the appellate court . . . to understand the case and to decide the issues on appeal." In determining whether a jury instruction was properly given or excluded, the proposed instruction is essential to our review and should be included in the addendum in this appeal.

Dismissed without prejudice.

ABRAMSON and HARRISON, JJ., agree.

*Watts, Donovan & Tilley, P.A.*, by: *David M. Donovan* and *Staci Dumas Carson*, for appellant.

*Arnold, Batson, Turner & Turner, PA*, by: *Dan Turner* and *Todd Turner*, for appellee.